George McGOVERN, Appellant,

v.

AMERICAN AIRLINES, INC., et al., Appellees.

No. 7824.

Court of Civil Appeals of Texas, Beaumont.

May 13, 1976.

Rehearing Denied June 3, 1976.

Arthur Gochman, San Antonio, Quinnan H. Hodges, Houston, for appellant.

W. B. Edwards, Ralph S. Carrigan, Fulbright & Jaworski, B. J. Bradshaw, C. M. Hudspeth, Houston, W. B. West, Morris Harrell, Michael Byrd, Dallas, C. E. Fitch, Houston, for appellees.

DIES, Chief Justice.

George McGovern, appellant (plaintiff below) brought this suit against American Airlines, Inc., Ashland Oil, Inc., Braniff Airways, Inc., Goodyear Tire & Rubber Company, Gulf Oil Corporation, Minnesota Mining and Manufacturing Company, and Phillips Petroleum Company, appellees (defendants below) seeking damages under the Texas Election Code for illegal campaign contributions by appellees to Richard M. Nixon's 1972 presidential election campaign. Defendant, Minnesota Mining and Manufacturing Company, was dismissed. All other defendants were granted judgment on their motion for summary judgment, from which McGovern perfects this appeal.

The suit below was based on Tex.Election Code Ann. art. 14.07 (1967), relevant sections of which are set forth:

"Art. 14.07 Corporations Not To Contribute

"(a) Except to the extent permitted in Article 213 of the Penal Code of Texas, 1925, no corporation shall give, lend or pay any money or other thing of value, or promise to give, lend, or pay any money or other thing of value, directly or indirectly, to any candidate, campaign manager, assistant campaign manager, or any other person, for the purpose of aiding or defeating the nomination or election of any candidate or of aiding or defeating the approval of any political measure submitted to a vote of the people of this state or any subdivision thereof; provided, however, that nothing in this section or in Article 213 of the Penal Code shall prevent the making of a loan or loans to any candidate for campaign purposes by any corporation which is legally engaged in the business of lending money and which has conducted such business continuously for more than one year prior to the making of such loan, provided the loan is made in due course of business and is not directly or indirectly a contribution.

"(b) Any corporation making or promising a gift, loan, or payment to any candidate, campaign manager, assistant campaign manager, or other person in violation of Paragraph (a) of this Section [this article] shall be civilly liable for double the amount or value of such loan or gift, promised or made, to each opponent of the candidate favored by such gift, loan, or payment, or to the particular candidate or candidates opposed by such gift, loan, or payment."

In 1974 Congress passed the Federal Election Campaign Act Amendments of 1974, Public Law 93–443, 88 Stat. 1263 (1974), amending Title 2, § 431, et seq., and Title 18, § 591, et seq., of the United States Code, which preempts any provision of state law with respect to election to Federal Office (effective October 15, 1974) [Sec. 104(a) and (b)].

Because of the opening phrase of Sec. 14.07 of the Texas Election Code above set forth ("[e]xcept to the extent permitted in Article 213 of the Penal Code of Texas") this statute must be read with Art. 15.17 of the Act (which was formerly 213 of the Penal Code).

"Art. 15.17 Corporation Contributing

"(a) No corporation, domestic or foreign, and no officer, director, stockholder, employee or agent, acting in behalf of any corporation, shall directly or indirectly give, pay, expend or contribute or promise to give, pay, expend or contribute any money or thing of value in order to aid or hinder the nomination or election of any person to public office in this State or any district, municipality, or political subdivision thereof, or in order to influence or affect the vote on any question to be voted upon by the qualified voters of this State or any district, municipality, or political subdivision thereof . . . ." etc.

Prior to this amendment in 1941 (47th Leg. p. 789, Chap. 491, Sec. 4) this article (originally enacted in 1907 and subsequently codified as Art. 263 of the 1911 Penal Code and Art. 213 of the 1925 Penal Code) read:

"No . . . corporation . . . shall make any money contribution . . for the purpose of aiding or defeating the election of any candidate for the office of Representative in Congress, or Presidential or Vice Presidential Electors from this State, or any candidate for any State, district, county or precinct office in this State." (Emphasis supplied)

In deleting the underlined above from the prohibition, it seems clear to us that the legislature intended to exclude Federal offices. Art. 15.17 does not prohibit political contributions to those seeking Federal offices. Plaintiff had no cause of action at the time this suit was filed. The question arises why apply it to the electors of President and Vice President, and not the candidates themselves. Presumably, the answer is because under the United States Constitution it is technically the electors and not the candidates chosen by the states. U.S.

Const. art. II, § 1, cl. 2. Appellants points are overruled. The judgment of the trial court is affirmed.

AFFIRMED.

KEITH, Justice (concurring).

The doctrine of federal preemption is barely mentioned in the majority opinion;[1] and, since it is my view that this doctrine is dispositive, I address these comments thereto. I will supplement the statement so as to place the facts in focus for the discussion.

Plaintiff, a resident of South Dakota, brought suit against seven corporate defendants, all of whom are alleged to have made illegal campaign contributions during the years 1971 and 1972 for the purpose of aiding in the election of Richard M. Nixon as President of the United States and, thereby, aiding in the defeat of plaintiff in his campaign for the same office.[2]

Plaintiff alleged further that such contributions were made by the defendants in violation of Tex.Election Code Ann. Art. 14.07, effective in 1972, and 18 U.S.C.A. § 610. He then alleged that each defendant was liable for double the amount of each

1. This is the language to which I refer: "In 1974 Congress passed the Federal Election Campaign Act Amendments of 1974, Public Law 93–443, 88 Stat. 1263 (1974), amending Title 2, § 431, et seq., and Title 18, § 591, et seq., of the United States Code, which preempts any provision of state law with re-

spect to election to Federal Office (effective October 15, 1974) [Sec. 104(a) and (b)]."

2. Plaintiff alleged that each of the corporate defendants "was charged by information in Federal Court with making illegal corporate campaign contributions for the election of Richard M. Nixon," and this table followed:

| Defendant | Date of Filing of Information | Date of Alleged Offense | Amount Contributed |
|---|---|---|---|
| American Airlines, Inc. | October 17, 1973 | March, 1972 | $ 75,000 |
| Ashland Oil, Inc. | December 30, 1974 | Sept., 1971 & Sept., 1972 | 100,000 |
| Braniff Airways, Inc. | November 12, 1973 | April 6, 1972 | 40,000 |
| Goodyear Tire & Rubber Company | October 17, 1973 | March, 1972 | 100,000 |
| Gulf Oil Company | November 13, 1973 | March 1, 1972 & March 6, 1972 | 100,000 |
| Minnesota Mining & Manufacturing Co. | October 17, 1973 | March, 1972 | 30,000 |
| Phillips Petroleum Company | December 4, 1973 | March 28, 1972 | 100,000 |

illegal contribution and prayed for his monetary recovery.[3]

It is sufficient to say at this point that the pleadings of the several defendants were sufficient to tender all issues which we reach upon appeal.

I would first point out that plaintiff had no private civil cause of action under the federal statute upon which he relied. *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

The federal statute mentioned earlier (18 U.S.C.A. § 610) was but a part of a comprehensive statute entitled "Federal Election Campaign Act Amendments of 1974", Public Law 93–443, 93rd Congress, approved October 15, 1974, and increased substantially the fines for violation of the section and changed many of the definitions in § 591 of the terms used in § 610, §§ 101(e), 102. See footnote 1 in *Cort v. Ash,* supra.

This statute also contained a section superseding and preempting any provision of state law with reference to federal elections.[4] Under the provisions of Sec. 410(b) of the Act, this preemption of the field became effective "on the date of the enactment of this Act," October 15, 1974. See U.S.Code, Congressional and Administrative News, 93rd Congress, Second Session, 1974, Vol. 3, Legislative History, p. 5692. Plaintiff filed his suit on June 25, 1975.[5]

I see no necessity for the citation of authorities supporting the proposition that the laws of the United States made pursuant to the Constitution of the United States are supreme under the provisions of Art. 6, Sec. 2 thereof. However, see generally, *16 Am. Jur.2d, Constitutional Law § 54, p. 225 (1964).*

Assuming, *arguendo,* that plaintiff ever could have stated a cause of action under the provisions of the state statute [Election Code, Art. 14.07(b)], after the new federal statute became effective, he could not do so. The leading case in this state is *National Carloading Corp. v. Phoenix-El Paso Express, Inc.,* 142 Tex. 141, 176 S.W.2d 564, 568 (1943), where the Court stated:

"It is generally conceded that a right of action given by a statute may be taken away at any time, even after it has accrued and proceedings have been commenced to enforce it."

In *National Carloading,* the Court noted that the courts "have been particularly uniform in reaching this conclusion [set out above] where the right of action is in the nature of a claim by an individual for the recovery of a statutory fine, penalty, or forfeiture." Id. at 569.

Plaintiff had no vested right to the particular remedy (if any he had ever had under the state statute) either at common law or by statute. See *Aetna Ins. Co. v. Richardelle,* 528 S.W.2d 280, 284 (Tex.Civ. App.—Corpus Christi, 1975, writ ref'd n.r. e.), wherein the authorities are discussed in detail.

Plaintiff did not attempt to assert any common law cause of action; he had no cause of action under the federal statute (*Cort v. Ash,* supra), and there was no valid state statute applicable to the political race in which he was participating. Thus, plaintiff failed to allege a cause of action within the jurisdiction of the district court. The entry of the take nothing judgment, under these conditions, was proper and I join in the affirmation thereof.

**3.** The state court action which we review followed plaintiff's loss of a similar suit in the federal courts. See: *McGovern v. American Airlines, Inc.* (5th Cir. 1975), 511 F.2d 653, rehearing denied, 514 F.2d 1072.

**4.** "Sec. 301. Section 403 of the Federal Election Campaign Act of 1971, relating to effect on State law, is amended to read as follows:
" '*Effect on State Law*
" 'Sec. 403. The provisions of this Act, and of rules prescribed under this Act, supersede and preempt any provision of State law with respect to election to Federal office.' "

**5.** Attorney General Hill, in opinion H–588, April 21, 1975, advised the Secretary of State: "[I]t is our opinion that effective on October 15, 1974, the Federal Election Campaign Act of 1971, as amended by the Federal Campaign Act Amendments of 1974, preempted and superseded *all* provisions of Chapter 14 of the Texas Election Code with respect to election to Federal Office." (emphasis in text)