

# The Attorney General of Texas

August 21, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable William P. Clements, Jr.
Governor of Texas
State Capitol
Austin, Texas 78711

Opinion No. MW-48

Re: Whether contributions to defray the cost of the Republican Governors' Conference are subject to the Lobby Act of 1973 or the Campaign Reporting and Disclosure Act of 1973.

Dear Governor Clements:

You have asked whether the provisions of the Lobby Act of 1973 or of the Political Funds Reporting and Disclosure Act apply to contributions by individuals or corporations to defray the costs of the 1979 Annual Republican Governors' Conference, which will be held in Austin in November of this year.

The conference is held under the auspices of the Republican Governor's Association. You explain that "while each of the Governors who will be in attendance are members of the same political party, the thrust and purpose of the conference will be the discussion of many pressing issues of state and national concern." You will designate a chairman of a host committee to solicit contributions to defray the cost of the conference. Your office advises that the host committee will not make a contribution to any candidate for public office nor to any officeholder, nor will the host committee become involved in activities designed to influence legislation or to influence an officeholder in the discharge of his official duties. The host committee intends to voluntarily file a report of the sources and amounts of contributions and names, amounts and descriptions of expenditures made.

The Political Funds Reporting and Disclosure Act, codified in chapter 14 of the Election Code, regulates contributions to candidates, officeholders, and political committees. Since the contributions about which you inquire are to be made to a host committee in support of the 1979 Annual Republican Governors' Conference, and not to any candidate or officeholder, we need only consider contributions to political committees.

Article 14.01(O) defines a political committee:

> (O) 'Political committee' is defined as any group of persons (1) formed to collect contributions or make expenditures in support for or in opposition to a candidate or candidates, whether presently identifiable or not, or a measure or measures, whether presently identifiable or not, on a ballot in a public election; or (2) formed to collect contributions or make expenditures for office holders whether presently identifiable or not.

The definition of "person" in article 14.01(N) includes a "group of persons associated with a political party or element thereof."

The crucial definitions in the Act are those of "contribution" and "expenditure" which describe something of value transferred with the intent that it be used in an election. Elec. Code. art. 14.01(D), (E). The definition of contribution requires that the funds or other thing given be "involved in an election." The definition also refers to an individual or group being "involved in an election" upon receipt of a contribution given and received "with the intent that it be used or held for some election." Thus, the intent of the contributors and those soliciting contributions must be that the funds be used in an election.

The elections with which the Act is concerned are those for a public office created by or under authority of the laws of Texas, or those on a measure submitted to the people of Texas. See Elec. Code arts. 14.01(F), (G), and (M), defining "election," "public office," and "measure." State laws are expressly preempted in regard to regulation of contributions for federal offices. 2 U.S.C. S 453. See McGovern v. American Airlines, Inc., 537 S.W.2d 341 (Tex. Civ. App. — Beaumont 1976, writ ref'd n.r.e.).

This office has pointed out that whether a group must be considered a "political committee" is a question of fact to be determined in each case by what are the principal or major purposes of the organization at the time they engage in the activity in question. Attorney General Opinion H-189 (1973). We do not believe that the purpose of the host committee can be considered separately from the purpose of the group on whose behalf they collect contributions. The crucial issue is thus determined by the purpose of the conference.

If the purpose of the conference is simply to discuss issues, and there is no intention to become involved in elections in Texas, then the Act would not be applicable. See United States v. National Committee For Impeachment, 469 F.2d 1135 (2d Cir. 1972).

In Attorney General Opinion H-252 (1974), this office determined that the Campaign Reporting and Disclosure Act of 1973 did not apply to contributions by individuals or corporations to the expenses of the Southern Governors' Conference. Attorney General Opinion H-743 (1975) affirmed this conclusion in light of the 1975 amendments to the Act. This office held in Attorney General Opinion H-486 (1974), that contributions to an Inaugural Committee were not subject to chapter 14 of the Election Code.

The facts in those cases were different from those presented by your question. The Southern Governors' Conference was described as a voluntary regional association which is

"a creature of the National Governors' Conference which is in turn organized under the auspices of the Council of State Governments." The nature of the organization was considered significant. The facts presented in connection with the Inaugural Committee were that contributions were not made in opposition to or on behalf of a nominee, candidate or measure at a public election, and it was determined that the Inauguration was not a part of a campaign for public office.

The question of whether the Act applies becomes more difficult when an organization is expressly associated with a particular political party. We do not believe that the name alone makes the organization or those soliciting contributions on its behalf a political committee within the Act. However, groups organized along party lines ordinarily have some interest in elections.

If a principal or major purpose of the conference is to support or oppose candidates of a particular party in elections in Texas, or to support or oppose measures which will be on the ballot in Texas, then we believe those persons soliciting funds for the conference would be a political committee subject to the Act. In that case contributions to such a group by corporations or labor organizations would be prohibited under article 14.06 of the Election Code. See also 2 U.S.C. § 441b; 11 C.F.R. § 114.4 (restrictions on corporations and labor organizations under Federal Election Campaign Act). However, the fact that a purpose of an organization is to support or oppose measures would not restrict contributions by corporations or labor organizations. Attorney General Opinion H-1175 (1978), held that insofar as article 14.06 prohibits corporations or labor organizations from making contributions and expenditures relating to measures, it is unconstitutional in light of the Supreme Court's holding in First National Bank of Boston v. Bellotti, 435 U.S. 765 (1978). However, disclosure requirements concerning such contributions or expenditures by corporations or labor organizations have not been held to be unconstitutional. See First National Bank of Boston v. Bellotti, supra, at 791 - 792; Buckley v. Valeo, 424 U.S. 1, at 66 - 67 (1976).

The purpose of the conference and those soliciting funds for it would be controlling in determining whether the Political Funds Reporting and Disclosure Act would apply. Unless a principal or major purpose of the conference is to become involved in elections in Texas, the Act would not apply.

You also ask whether the Lobby Act of 1973 is applicable. The Lobby Act of 1973, V.T.C.S. article 6252-9c, requires persons to register as lobbyists and report their contributions if they make certain expenditures and communications "to influence legislation." Sec. 3. Your office states that the host committee will not become involved in activities designed to influence legislation. In Attorney General Opinion H-252 (1974) this office concluded that contributors to the costs of the Southern Governors' Conference did not have to register as lobbyists or report contributions as long as their contributions were not made to influence legislation. Legislation is defined to mean "a bill, resolution, amendment, nomination, or other matter pending in either house of the legislature; any other matter which may be the subject of action by either house, . . . or any matter pending in or which may be the subject of action by a constitutional convention." V.T.C.S. art. 6252-9c, § 2(2). The opinion noted:

The Lobby Act, as a penal statute, is carefully drafted to reach only those persons who make contributions or expenditures for 'communicating directly' with one or more members of the Legislative or Executive branches to influence legislation. Section 1 states the policy of the Lobby Act to be the public disclosure of activities and expenditures made to urge 'specific actions' with respect to legislation.

It concluded that contributions toward the costs of the Southern Governors' Conference, when unattended by direct communication for the purpose of influencing legislation, would not be considered lobbying expenditures for purposes of article 6252-9c, a conclusion affirmed by Attorney General Opinion H-743 (1975). On the facts presented we believe the reasoning of Attorney General Opinions H-252 (1974) and H-743 (1975) applies to your inquiry. Consequently, contributions toward the costs of the Republican Governors' Conference, when unattended by direct communication for purposes of influencing legislation, are not lobbying expenditures within article 6252-9c.

## SUMMARY

Contributions to defray the expenses of the Republican Governors' Conference to be held in Texas are not subject to the campaign reporting provisions of chapter 14 of the Election Code unless a purpose of the conference is to become involved in elections in Texas, nor are the persons who make them subject to the Lobby Act.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by William G Reid
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks

Honorable William P. Clements, Jr.  –  Page Five  (MW-48)

Susan Garrison
Rick Gilpin
Terry Goodman
William G Reid