## GALLARDO *v.* SANTINI FERTILIZER COMPANY.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR PORTO RICO, TRANSFERRED FROM THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT UNDER THE ACT OF SEPTEMBER 14, 1922.

No. 164. Argued October 5, 1927.—Decided October 24, 1927.

1. In a case transferred here by the Circuit Court of Appeals in which this Court finds that the trial court lacked jurisdiction, direction for dismissal of the suit on that ground is made without determining whether the transfer was erroneous. P. 63.

2. The jurisdiction of the United States District Court for Porto Rico over pending suits to enjoin taxes was destroyed by the Act of March 4, 1927. See *Smallwood* v. *Gallardo, ante,* p. 56. P. 63.

Reversed.

On transfer from the Circuit Court of Appeals for the First Circuit of a cause appealed from the United States District Court for Porto Rico.

*Mr. William Cattron Rigby,* with whom *Mr. George C. Butte,* Attorney General of Porto Rico, was on the brief, for appellant.

*Mr. Nelson Gammans* for appellee.

Mr. Justice Holmes delivered the opinion of the Court.

This is a bill in equity brought in the District Court of Porto Rico to restrain the collection of taxes imposed by the laws of Porto Rico. An injunction was issued by the District Court, on March 31, 1925. On April 7, 1925, an appeal was allowed to the Circuit Court of Appeals for the First Circuit. That Court at first made a decree reversing the decree of the District Court, but later, on December 18, 1926, set that decree aside and transferred the case to this Court, under the Act of September 14, 1922, c. 305; 42 Stat. 837, conceiving that the jurisdiction of the District Court was invoked solely upon the ground that the controversy involved the construction or application of the Constitution of the United States. On March 4, 1927, the Act of Congress was passed that took away the jurisdiction of the District Court in this class of cases, as explained in *Smallwood* v. *Gallardo, ante,* p. 56.

The case has been argued upon the merits and also upon a motion to remand it to the Circuit Court of Appeals on the ground that the appeal properly was taken to that Court. As the only jurisdiction remaining anywhere is to make an order requiring the case to be dismissed for want of jurisdiction we need not discuss these

matters. The decision that no jurisdiction remains comes from this Court, and it is proper that it should carry out its decision without unnecessary circuity by directing it to be enforced.

> *Decree reversed.*
> *Bill to be dismissed for want of jurisdiction.*