**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellant,**

v.

**The CITY OF KOUNTZE, Appellee.**

**No. 7842.**

Court of Civil Appeals of Texas, Beaumont.

Oct. 14, 1976.

James H. Chesnutt, II, Beaumont, Darrell L. Barger, Houston, for appellant.

J. A. McGaffey, Kountze, for appellee.

KEITH, Justice.

Defendant below appeals from orders which overruled its plea of privilege to be sued in Dallas County and granted plaintiff a temporary injunction restraining defendant from closing its business office in the City of Kountze. We will speak of the parties as they appeared in the trial court.

Plaintiff alleged that the defendant was a private corporation and a public utility engaged in the conveyance, transmission or reception of communications over a telephone system in the City of Kountze and maintained a business office therein where the patrons could conduct transactions with defendant's employees and agents. Further allegations were made to the effect that the defendant was about to close such business office to the great injury and harm to the plaintiff city, its citizens, and to the patrons of defendant company residing within the plaintiff city. Originally, plaintiff sought only an injunction to restrain the closing of the office; but, in amended pleadings, it sought a declaratory judgment defining the rights, duties, and obligations of the parties.

As noted earlier, the trial court overruled defendant's plea of privilege and entered an order enjoining defendant from closing its business office pending a hearing on the merits of the case. Defendant duly perfected appeals from such interlocutory orders. Neither party sought to advance the sub-

mission of this cause and it was reached in the ordinary sequence of cases upon the docket of this court.

Upon oral submission of this cause, the court, *sua sponte*, raised the question of jurisdiction of the court to dispose of the cause since the Public Utility Regulatory Act, now codified as Tex.Rev.Civ.Stat.Ann. art. 1446c (1975–1976 Supp.),[1] hereafter the "Act", had become fully effective.[2] We requested supplemental briefs from the parties and such have been filed.

Although there were no pleadings challenging the jurisdiction of either the trial court or this court and the matter was not raised directly by the parties, we must first determine our jurisdiction over the controversy. As was said in *Able v. Bloomfield*, 6 Tex. 263, 264 (1851), "Want of jurisdiction of the subject matter of the suit, will arrest a cause at any stage of the proceedings." See also, *City of Beaumont v. West*, 484 S.W.2d 789, 791 (Tex.Civ.App. —Beaumont 1972, writ ref'd n. r. e.).

As we said in *Beaumont v. West,* supra:

"Jurisdiction of a court is conferred only by the constitution and the statutes and a court without jurisdiction cannot render a valid judgment. *Nevitt v. Wilson,* 116 Tex. 29, 285 S.W. 1079, 1084, 48 A.L.R. 355 (1926); *Daniel v. Dallas Independent School District,* 351 S.W.2d 356, 359 (Tex.Civ.App., El Paso, 1961, error ref. n. r. e.). If at any time during its progress it becomes apparent that the court has no authority under the law to adjudicate the issues presented, it becomes the duty of the court to dismiss it. *Snyder v. Wiley & Porter,* 59 Tex. 448, 449 (1883); *Galley v. Hedrick,* 127 S.W.2d 978, 981 (Tex.Civ.App., Amarillo, 1939, no writ)."

1. Acts 1975, 64th Leg., p. 2327, ch. 721. This Act became effective on September 1, 1975 (*Sec. 88*); but, under *Sec. 87(b)*, "The regulatory authority shall assume jurisdiction over rates and *service* of public utilities on September 1, 1976."

All emphasis has been supplied unless otherwise indicated.

2. The following dates are important in our consideration of the question presented: Suit was instituted on January 15, 1976; the order overruling defendant's plea of privilege was entered on February 6, 1976; and the order granting the temporary injunction was signed on February 11, 1976. The cause was submitted on briefs and oral argument to this court on September 16, 1976.

Being of the opinion that the new legislation has mooted the controversy and that neither the trial court nor this court has jurisdiction to determine the questions presented, we reverse the judgment of the trial court and dismiss the cause for the reasons now to be stated.

■ Using the broadest possible language, the Legislature conferred exclusive original jurisdiction upon the Public Utilities Commission (hereinafter "Commission") over the business and property of all telecommunications utilities for the purpose of regulating "rates, operations, and services." [3] Obviously, a business office of a telephone company is within the definition of "facilities" found in the Act.[4] We likewise hold that it is equally clear that the closing of a business office falls within the "service" category as defined in the Act.[5]

■ After carefully analyzing the provisions of the Act quoted earlier, we are led ineluctably to the conclusion that the Act vests in the Commission the exclusive original jurisdiction to determine whether a telephone utility should be permitted to close a business office in a community or should be denied such permission. Since September 1, 1976, the Commission is and has been the *only* forum having jurisdiction to determine that question. If plaintiff below, or any other interested and affected person desires to complain of the proposed closing of the business office by defendant, complaint must be made to the Commission.[6]

We recognize the general rule that "once jurisdiction is lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat the jurisdiction." *Haginas v. Malbis Memorial Foundation,* 163 Tex. 274, 354 S.W.2d 368, 371 (1962). We are also familiar with the rule enunciated in *Western Alliance Insurance Company v. Tubbs,* 400 S.W.2d 850, 852 (Tex.Civ.App.—Waco 1965, writ ref'd n. r. e.), where the court said:

"A statute which deprives a court of existing jurisdiction is strictly construed, and 'when jurisdiction is once granted it will not be deemed taken away by a similar jurisdiction being given to another tribunal.' 3 Sutherland, Statutory Construction (3rd ed.) Sec. 6803, p. 328."

■ But the Act needs no construction. It is readily apparent that the Legislature has made a comprehensive statute applicable to the entire field of legislative regulation of public utilities replacing the earlier antiquated and greatly criticized pattern of regulation theretofore in effect. In essence, the Act repealed the law giving jurisdiction to the district court and it contained no savings clause; thus, it takes away the right to proceed in a pending case undetermined at the time when it becomes effective. See and compare, *Texas Farm Bu-*

3. *Section 18* of the Act reads: "Subject to the limitations *imposed in this Act,* and for the purpose of regulating rates, operations, *and services* so that such rates may be just, fair, and reasonable, *and the services adequate and efficient,* the commission shall have exclusive original jurisdiction over the business and property of all telecommunications utilities in this state."

4. *Section 3(n)* of the Act reads: " 'Facilities' means all the plant and equipment of a public utility, including all tangible and intangible real and personal property without limitation, and any and all means and instrumentalities in any manner owned, operated, leased, licensed, used, controlled, furnished, or supplied for, by, or in connection with the business of any public utility."

5. *Section 3(s)* of the Act reads: " 'Service' is used in this Act in its broadest and most inclusive sense, and includes any and all acts done, rendered, or performed and any and all things furnished or supplied, *and any and all facilities* used, furnished, or supplied by public utilities in the performance of their duties under this Act to their patrons, employees, other public utilities, and the public, as well as the interchange of facilities between two or more of them. Service shall not include the printing, distribution, or sale of advertising in telephone directories."

6. *Section 83* of the Act reads: "Any affected person may complain to the regulatory authority in writing setting forth any act or thing done or omitted *to* be done by any public utility in violation or claimed violation of any law which the regulatory authority has jurisdiction to administer, or of any order, ordinance, rule, or regulation of the regulatory authority."

*reau Cotton Ass'n v. Lennox,* 296 S.W. 325, 327 (Tex.Civ.App.—Texarkana 1927, no writ). See also, *National Carloading Corp. v. Phoenix-El Paso Express,* 142 Tex. 141, 176 S.W.2d 564, 568 (1943); *Aetna Ins. Co. v. Richardelle,* 528 S.W.2d 280, 284 (Tex.Civ. App.—Corpus Christi 1975, writ ref'd n. r. e.); *McGovern v. American Airlines, Inc.,* 537 S.W.2d 341, 344 (Tex.Civ.App.—Beaumont 1976, writ ref'd n. r. e.).

Plaintiff city's sole claim to authority to regulate the acts and conduct of defendant within its corporate limits was contained in Tex.Rev.Civ.Stat.Ann. art. 1119 (1963) prior to its repeal.[7] But, the Act does not destroy the rights of plaintiff; it simply takes away from the district court the jurisdiction to adjudicate the question and confers the exclusive jurisdiction upon another tribunal, namely, the regulatory commission. See in this connection the remarks of Mr. Justice Holmes in *Gallardo v. Santini Fertilizer Co.,* 275 U.S. 62, 48 S.Ct. 24, 72 L.Ed. 157 (1927). Indeed, the law enunciated in *National Carloading Corp.,* supra, compels a reversal of the judgments and orders entered in the trial court and a dismissal of the cause.

■ However, plaintiff's counsel argues that since the District Court had original and primary jurisdiction over the controversy at the time of the institution of the suit and the entry of the two interlocutory orders involved herein, the Legislature was prohibited from "eliminating existing causes of action", citing Constitution of Texas, art. I, Sec. 13. We disagree.

It is appropriate to note, at this point, two rules which are applicable to the question now under consideration:

1. "The repeal of a statute leaves unaffected all rights in the nature of contract which have *vested* under the original statute." *Collins v. Warren,* 63 Tex. 311, 314 (1885); *Commercial Insurance Co. of Newark, N.J. v. Lane,* 480 S.W.2d 781, 783 (Tex. Civ.App.—Dallas 1972, writ ref'd n. r. e.).

2. "[A] litigant has no *vested* right in a remedy, and that remedial statutes are valid and control the litigation from the date they become a law, and all proceedings taken thereafter must be under the new law." *Phil H. Pierce Co. v. Watkins,* 114 Tex. 153, 263 S.W. 905, 907 (1924).

Indeed, in *Exxon Corporation v. Brecheen,* 526 S.W.2d 519, 525 (Tex.1975), the Supreme Court agreed with the holdings of the Court of Civil Appeals saying that the statute then under consideration was "procedural and remedial in nature, and is constitutional; that the statute governs the proceedings in litigation pending on its effective date; . . ."[8]

■ Plaintiff's argument that the Act is a retroactive statute is likewise without merit. The general rule is that a statute is retroactive only when it takes away or impairs vested rights acquired under existing laws. *Turbeville v. Gowdy,* 272 S.W. 559, 561 (Tex.Civ.App.—Fort Worth 1925, no writ); *Bryant v. State,* 457 S.W.2d 72, 78 (Tex.Civ.App.—Eastland 1970, writ ref'd n. r. e.); *Inman v. Railroad Commission,* 478 S.W.2d 124, 129 (Tex.Civ.App.—Austin 1972, writ ref'd n. r. e.).

■ No rights vested under the delegation of regulatory power under *Art.* 1119. It is well to note that our Supreme Court

---

7. *Art. 1119* reads: "The governing body of all incorporated cities and towns in this State incorporated under the General Laws thereof shall have the power to regulate, by ordinance, the rates and compensation to be charged by all persons, companies, or corporations using the streets and public grounds of said city or town, and engaged in furnishing water, gas, telephone, light, power, or sewerage service to the public, and also to prescribe rules and regulations under which such commodities shall be furnished, and service rendered, and to fix penalties to enforce such charges, rules, and regulations. . . ."

8. We summarize, without benefit of quotation marks or citation of authorities the holdings of the Court of Civil Appeals thus approved. See *Exxon Corporation v. Brecheen,* 519 S.W.2d 170, 183 (Tex.Civ.App.—Houston [1st Dist.] 1975): (1) Although the constitution forbids retroactive application of legislative enactments, statutes relating to procedure do not fall within this prohibition. (2) Statutes which have application to remedial and procedural matters are valid and control the litigation from the date they become law.

held in *Kousal v. Texas Power & Light Co.,* 142 Tex. 451, 179 S.W.2d 283, 285–286 (1944):

> "[F]ixing and regulating utility rates is said to be a governmental function inherent in the state. It is legislative in character, but the legislature may delegate the power to rate making governmental agencies or to municipal corporations as to utilities operating within the limits of such municipal corporations. . . .
> This power of regulation the legislature has conferred on 'Home Rule' cities by Art. 1175(12), Vernon's Texas Civil Statutes, which also prescribes that such cities may 'from time to time alter or change such rules, regulations and compensation.' See, also, Art. 1119, Ibid."

See also, *Schenker v. City of San Antonio,* 369 S.W.2d 626, 629 (Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.).

■ It is elemental that a municipal corporation possesses no power that is not conferred by its charter or by the general laws under which it was formed. See authorities cited in 40 Tex.Jur.2d, Rev. Part 1, Municipal Corporations § 318, p. 77 (1976). And, plaintiff city being a general law city (as distinguished from a Home Rule City), all the authority which it has ever possessed in the regulation of the telecommunications company was that conferred by *Art.* 1119. That was a delegation of legislative authority under the rationale of the *Kousal Case,* supra (179 S.W.2d at 285–286). Using the clearest possible language, the Legislature repealed *Art.* 1119, effective September 1, 1976. *Act* § 90(a).

Having once delegated the legislative power to a general law city, it is not to be doubted that the Legislature had the authority to rescind this delegation and place such power in the Utility Commission. See *Thompson v. United Gas Corporation,* 190 S.W.2d 504, 508 (Tex.Civ.App.—Austin 1945, writ ref'd).

■ Moreover, it should always be remembered that under *Art.* III, Sec. 1, Constitution of Texas, all. legislative power is vested in the Legislature. And, as said in *Walker v. Baker,* 145 Tex. 121, 196 S.W.2d 324, 328 (1946): this "means all legislative power—the power to make, alter and repeal laws—not expressly or impliedly forbidden by other provisions of the State and Federal Constitutions." Thus, from and after September 1, 1976, the plaintiff was deprived of all legislative power delegated to it under Art. 1119, and such power was delegated, *exclusively,* to the new Utilities Commission.

Defendant's counsel calls to our attention the decision of *Waxahachie Bank & Trust Co. v. Falkner,* 324 S.W.2d 583 (Tex.Civ. App.—Austin 1959, no writ), holding that when the Legislature has enacted a law making a cause of action moot, the judgment below should be reversed and the cause dismissed. This holding is in accord with the generally prevailing rule relating to moot cases upon appeal. As was said in *Freeman v. Burrows,* 141 Tex. 318, 171 S.W.2d 863 (1943): "When a cause becomes moot on appeal, all previous orders and judgments should be set aside and the cause, not merely the appeal, dismissed." See also, *Texas Foundries v. International Moulders & F. Wkrs.,* 151 Tex. 239, 248 S.W.2d 460 (1952); *Guajardo v. Alamo Lumber Company,* 159 Tex. 225, 317 S.W.2d 725 (1958); *Blanton v. City of Houston,* 163 Tex. 224, 353 S.W.2d 412 (1962); *Lund v. Alanis,* 384 S.W.2d 123 (Tex.1964); *LeFebvre v. LeFebvre,* 510 S.W.2d 29, 31 (Tex. Civ.App.—Beaumont 1974, no writ), concurring opinion.

It is readily apparent, from the foregoing discussion, that we are of the opinion that the Legislature, by the adoption of the Act, has divested the district courts of Texas of all original jurisdiction to hear and determine questions such as those involved in this proceeding. Consequently, since the cause is now moot, we reverse and set aside all orders of the trial court and dismiss the cause. Costs are divided between the parties equally.

All prior orders are reversed and the cause is dismissed.

STEPHENSON, J., not participating.