**TEXACADIAN ENERGY, INC., Appellant,**

**v.**

**LONE STAR ENERGY STORAGE, INC. and Marcel De Graye, Appellees.**

**No. 13–91–415–CV.**

Court of Appeals of Texas, Corpus Christi.

April 16, 1992.

Rehearing Overruled May 14, 1992.

Theo W. Pinson, Pinson & Bussey, Houston, for Appellant.

Aubrey Dickson Martin, Jr., J. Mark Davis, Martin & Davis, Houston, for Appellee.

Before NYE, C.J., and SEERDEN, and BISSETT[1], J.J.

## OPINION

NYE, Chief Justice.

This is a summary judgment case. Appellant, Texacadian Energy, Inc., sued appellees, Lone Star Energy Storage, Inc., and its director, Marcel De Graye, for fraud. Appellees moved for summary judgment based upon limitations, res judicata, and collateral estoppel. The trial court granted a take-nothing summary judgment favorable to appellees. Texacadian appeals by four points of error. We reverse and remand the case for trial.

In June, 1990, Texacadian filed its "PETITION TO PERPETUATE TESTIMONY" in which it requested to take the deposition of Lone Star's president, Craig Lazzari. However, a district court entered an order, denying the request. The order stated that limitations barred Texacadian's cause of action against Lone Star.

After the trial court entered its order, Texacadian filed suit against Lone Star and Marcel De Graye. Texacadian alleged that about September, 1983, David McGee and Lone Star entered into a retainer agreement in which McGee would receive payment for his consulting services provided to Lone Star. In December, 1986, the retainer agreement was modified into a new agreement (Agreement) which contemplated payments to McGee through December 15, 1988. (A copy of the Agreement was attached to Texacadian's pleadings.) In consideration for the modified payments and other benefits under the Agreement, McGee waived his right to receive a larger sum of money under the original retainer agreement, and he also waived his right to subscribe to $500,000 of Lone Star's stock. This stock would have been sold to McGee at a price no greater than the lowest price paid by any other shareholder. At the time the option was given, the fair market value of this stock was $6,740,000.

Texacadian further alleged that on December 6, 1986, Lone Star, through its director, Marcel De Graye, made a material representation to Texacadian. Lone Star represented that the "cost of the North Dayton Project upon 'Completion Date for the Second Cavern' as that term is defined in that certain agreement between Lone Star and HL & P [Houston Lighting & Power] dated September 30, 1983, will not be less than $75,000,000." At all relevant times, Lone Star was involved in the furnishing of a gas-storage facility, which was leased to HL & P. In connection with the agreements between Lone Star and HL & P, HL & P had an option to purchase the facility based upon a formula, which was based, in part, upon the construction cost of the North Dayton Project (Project). If the Project's cost was substantially less than $75,000,000, the option price and resulting cost to HL & P was higher, and the profit to Lone Star was higher. Consequently, if the Project's cost was substantially less than $75,000,000, Lone Star's stock value was correspondingly greater. By extension, the option which McGee held to buy Lone Star's stock was or would have been greater if the Project's cost was substantially less than $75,000,000.

By virtue of De Graye's representation concerning the Project's cost, McGee was

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

willing to waive his option rights in Lone Star's stock. Had McGee known that the Project's cost was substantially less than $75,000,000, he would not have waived his option rights. McGee was fraudulently induced into relinquishing his stock-purchase rights. Texacadian, as assignee of McGee's claims against appellees, sued appellees for fraud, requesting $11,428,690 in damages.

Appellees moved for summary judgment based upon limitations, res judicata, and collateral estoppel. They contended that a two-year statute of limitations governed fraud claims and that Texacadian did not file suit until roughly ten months after the running of limitations. Appellees argued that res judicata and collateral estoppel barred further litigation of Texacadian's claims because the trial court's order denying Texacadian's "PETITION TO PERPETUATE TESTIMONY," which said that limitations barred Texacadian's cause of action, formed a final judgment regarding all of the issues in this case. Appellees' summary judgment evidence included the affidavit of Lone Star's president, Craig Lazzari, correspondence from David McGee's attorney, Richard Colton, and certified copies of Texacadian's "PETITION TO PERPETUATE TESTIMONY" and the trial court's "ORDER DENYING MOTION TO PERPETUATE TESTIMONY."

In response, Texacadian contended that limitations did not bar its suit because a four-year statute of limitations governs fraud claims and that the events which were the bases of its fraud claim occurred within four years of the date it filed suit against appellees. Texacadian also argued that res judicata and collateral estoppel did not bar its suit for two reasons. First, the trial court's order was not an appealable, final judgment. It was an interlocutory order which ruled on a technical or procedural aspect of the case. Second, the trial court's order merely denied Texacadian's request to take Craig Lazzari's deposition and did not involve a trial on the merits. Texacadian's summary judgment evidence included David McGee's affidavit.

■ The trial court granted summary judgment in appellees' favor, from which Texacadian brings the present appeal. The summary judgment order did not state which defense the trial court relied on when granting the summary judgment. When a summary judgment order does not state the bases upon which it was granted, a party appealing from the order must show that each of the independent arguments alleged in the motion were insufficient to support the trial court's summary judgment order. *Tucker v. Atlantic Richfield Co.*, 787 S.W.2d 555, 558 (Tex.App.—Corpus Christi 1990, writ denied); *McCrea v. Cubilla Condominium Corp. N.V.*, 685 S.W.2d 755, 757 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

■ Limitations, res judicata, and collateral estoppel are affirmative defenses. TEX.R.CIV.P. 94. When a defendant moves for summary judgment based on an affirmative defense, its burden is to prove conclusively all essential elements of its affirmative defense as a matter of law. *Roark v. Stallworth Oil and Gas, Inc.*, 813 S.W.2d 492, 495 (Tex.1991). In reviewing appellees' summary judgment proof, every reasonable inference must be indulged in favor of Texacadian, the non-movant, and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ By point one, Texacadian complains that the trial court erred in granting summary judgment because a four-year statute of limitations applies to fraud claims and that the events which formed the bases of its fraud suit occurred within four years of the date suit was filed. Before 1979, two limitations statutes applied to debts. The two-year statute, formerly art. 5526 of the Revised Civil Statutes and now codified in its amended form as § 16.003 of the Civil Practice and Remedies Code, formerly listed and applied to "Actions for debt where the indebtedness is not evidenced by a contract in writing." TEX.REV.CIV.STAT. art. 5526 (1925). The four-year statute, formerly art. 5527 of the Revised Civil Statutes and now codified in its amended version as § 16.004 of the Civil Practice and Remedies

Code, applied to "Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing." TEX.REV. CIV.STAT. art. 5527 (1925). In 1979, the legislature amended the two statutes to eliminate the distinction between debts evidenced by a writing and other debts, and to list all actions for debt under the four-year statute. Act of June 13, 1979, 1979 Tex. Gen.Laws 1768. In *Williams v. Khalaf*, 802 S.W.2d 651 (Tex.1990), the Supreme Court said that the two-year statute now codified in § 16.003 does not mention "debt" and no longer has the classification which had been held to include fraud. The Supreme Court said that the 1979 amendment now makes all fraud actions consistent, in that they have a four-year limitation period, regardless of the remedy sought. *Id.* at 657–58.

In the present case, Lone Star's president, Craig Lazzari, stated in his affidavit that David McGee, Texacadian's assignor, knew no later than February 12, 1988, of facts which he contended evidenced a cause of action against Lone Star for misrepresentation. Texacadian filed its fraud suit on December 4, 1990. Appellees have not shown that they were entitled to judgment as a matter of law because the four-year limitation period for fraud had not yet passed when Texacadian filed suit. The trial court erroneously granted summary judgment based on limitations. Point one is sustained.

■ By points two and four, Texacadian complains that the trial court erred in granting summary judgment because appellees did not prove their alleged res judicata and collateral estoppel defenses. Texacadian argues that the trial court's order denying its "PETITION TO PERPETUATE TESTIMONY" did not form a final judgment and that the trial court's order involved issues which were different from those involved in Texacadian's main lawsuit. In the absence of a special statute

making an interlocutory order appealable, a judgment must dispose of all issues and parties in the case before it becomes final and appealable. *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678–79 (Tex.1990); *North E. Indep. School Dist. v. Aldridge*, 400 S.W.2d 893, 895–97 (Tex.1966). The procedural authority for perpetuating testimony is found in Rule 187 of the Texas Rules of Civil Procedure.[2] The Supreme Court has stated that the proceeding to perpetuate testimony under Rule 187 is not in itself an independent suit, but is purely an ancillary matter in aid of, and incident to, an anticipated suit. *Office Employees Int'l Union v. Southwestern Drug Corp.*, 391 S.W.2d 404, 406 (Tex. 1965); 26 B. McElroy, CIVIL PRE-TRIAL PROCEDURE § 1709 (Texas Practice 1980).

In the present case, Texacadian's "PETITION TO PERPETUATE TESTIMONY" alleged that Texacadian anticipated that it would be a party in a lawsuit against Lone Star and Interfinancial Corporation. Texacadian wanted to take the deposition of Lone Star's president, Craig Lazzari, to determine whether Lone Star's alleged representations to David McGee were true. This pre-trial discovery procedure was not a suit to adjudicate Texacadian's fraud claim against Lone Star and its director, Marcel De Graye. Any language in the trial court's order, which purported to bar Texacadian's fraud suit, was merely advisory and not binding on Texacadian. These factors, along with the general character of the trial court's order, namely as a pre-trial discovery ruling, lead to the conclusion that this order was interlocutory and not a final judgment. In the absence of a statutory allowance of appeal from an order denying a petition to perpetuate testimony, this order was not subject to a separate appeal.

The general principle of res judicata is that a right, question, or fact, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of

---

**2.** Rule 187 provides that when any person anticipates the institution of an action in which he may be a party, and may desire to perpetuate his own testimony or that of any other person to be used in the suit, he or his agent or attorney may file a verified petition in the proper court of any county where venue of the anticipated action may lie, in which he may request an order of the court authorizing the taking of depositions of persons to be examined who are named in the petition.

recovery or defense cannot be disputed in a subsequent suit between the same parties or their privies, or with another so identified in interest with such person that he represents the same legal right, the same question, the same particular controversy or issue *which has been necessarily tried and finally determined upon its merits* by a court of competent jurisdiction in a judgment in personam in a former suit. *Marange v. Marshall,* 402 S.W.2d 236, 239–40 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.).

■ Collateral estoppel will bar relitigation of an issue if the facts sought to be litigated in the first action were fully and fairly litigated in the prior action, those facts were essential to the judgment in the first action, and the parties were cast as adversaries in the first action. *Mower v. Boyer,* 811 S.W.2d 560, 563 (Tex.1991). Interlocutory orders on matters that are simply collateral or incidental to the main suit do not operate as res judicata or collateral estoppel. *Starnes v. Holloway,* 779 S.W.2d 86, 93 (Tex.App.—Dallas 1989, writ denied).

■ In the present case, the trial court's order denying Texacadian's "PETITION TO PERPETUATE TESTIMONY" did not determine the merits of Texacadian's fraud claim against Lone Star and Marcel De Graye. We hold therefore that the trial court's order denying Texacadian's "PETITION TO PERPETUATE TESTIMONY" was not entitled to a collateral estoppel or res judicata effect. *See Mower,* 811 S.W.2d at 563; *Marange,* 402 S.W.2d at 239–40. Points two and four are sustained. Due to our disposition of points one, two, and four, we need not address Texacadian's remaining point. Tᴇx.R.Aᴘᴘ.P. 90(a).

The trial court's judgment is REVERSED, and the cause is REMANDED for trial.