**LAMAR UNIVERSITY, Appellant,**

v.

**John and Jane DOE, et al, Appellees.**

No. 09–97–446–CV.

Court of Appeals of Texas,
Beaumont.

Submitted April 16, 1998.

Decided July 9, 1998.

S. Ronald Keister, Asst. Atty. Gen., Austin, for appellant.

Clay Dugas, Orange, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

The underlying lawsuit brought by John Doe and Jane Doe, individually and on behalf of their minor children, Don Doe and Tom Doe, appellees herein, attempts to place liability on Lamar University for sexual misconduct of one of its students, William Brian Peddy, Jr., who paid Don Doe and Tom Doe to be photographed and video taped in explicit sexual poses. John and Jane Doe, parents of the Doe children, are named by pseudonym, to protect said parents from "vexatious publicity." William Brian Peddy, Jr. was not alleged to be an employee of Lamar University.

Appellees have attempted to allege a cause of action pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–101.109 (Vernon 1997 & Vernon Supp.1998). Appellant Lamar University has pled as an affirmative defense, sovereign immunity and the limitations exceptions and exclusions of the Texas Tort Claims Act. This is an interlocutory appeal from the 172nd District Court of Jefferson County, Texas, which denied appellant's Plea

to the Jurisdiction and Motion to Dismiss. We have jurisdiction of this interlocutory appeal pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.1998).

On August 31, 1995, the Does filed their lawsuit against William Brian Peddy, Jr., William Brian Peddy, Sr., and Lamar University. The Does alleged that Don Doe and Tom Doe, minor children, were "sexually assaulted and molested" by William Brian Peddy, Jr., on numerous occasions and locations. The Does alleged that one of the locations where the sexual assaults occurred was in William Peddy's dormitory room on the campus at Lamar University, thus, appellees seek to hold Lamar University liable for the conduct of William Brian Peddy, Jr.

## PROCEDURAL HISTORY

Appellees filed their First Amended Petition in November 1995, to which Lamar University filed Special Exceptions. The trial court granted the Special Exceptions on May 8, 1996, and ordered the appellees to replead. The appellees filed their Second Amended Petition on June 24, 1996. On September 16, 1996, after reaching a settlement, appellees non-suited William Brian Peddy, Sr.

On October 15, 1996, the appellant filed "Defendant Lamar University's Motion for Summary Judgment and Severance" contending that appellees' Second Amended Petition did not allege a cause of action under the Texas Tort Claims Act which would waive sovereign immunity. The trial court denied this motion on December 5, 1996.

On August 25, 1997, appellant filed "Defendant Lamar University's Plea to the Jurisdiction and Motion to Dismiss" which was set to be heard on October 10, 1997. In response to this Plea to the Jurisdiction and Motion to Dismiss, appellees, on October 8, 1997, filed "Plaintiffs' Request for Cancellation of Hearing and Response to Defendant's Plea to the Jurisdiction and Motion to Dismiss" contending that the trial court had already heard appellant's contention in the summary judgment proceeding. Then, on October 10, 1997, prior to the hearing on appellant's motion, appellees filed "Plaintiffs' Third Amended Petition." Following argument of counsel, the trial court signed an order denying the appellant's Plea to the Jurisdiction and Motion to Dismiss. Lamar University brings one point of error which contends that the trial court erred in denying the appellant's Plea to the Jurisdiction and Motion to Dismiss as the appellees have failed to plead a cause of action under the Texas Tort Claims Act which waives sovereign immunity.

■ Lamar University did not attempt an appeal from the trial court's denial of its motion for summary judgment. It was not until August 25, 1997, that Lamar filed its Plea to the Jurisdiction and Motion to Dismiss, which was specifically directed to Plaintiffs' Second Amended Petition, as was its Motion for Summary Judgment. There is indeed a similarity of pleadings in Lamar's Motion for Summary Judgment and its Plea to the Jurisdiction which might indicate that Lamar is attempting to re-urge and re-hear matters previously determined. Appellees' position is Lamar is now seeking "two bites at the apple." In reviewing the record, we are not convinced that Lamar, in its Plea to the Jurisdiction, is asserting the same position [governmental immunity as a bar to action], as was asserted in Lamar's Motion for Summary Judgment [that as a matter of law appellees' claims failed to raise a genuine issue of material fact or that appellees' claims are patently unmeritorious or untenable].

Appellees assert that since Lamar failed to appeal the trial court's denial of summary judgment pursuant to § 51.014(a)(5), the present effort to appeal should be foreclosed. Lamar correctly contends § 51.014(a)(5) only permits an interlocutory appeal of denial of a summary judgment that is based on an assertion of immunity by an individual. It appears that until the adoption of § 51.014(a)(8), effective June 20, 1997, when a State entity was sued without naming or joining individuals, such State entity had no avenue for interlocutory appeal. This gap has now been specifically cured through the adoption of § 51.014(a)(8).

Our present case is somewhat similar to *City of Houston v. Kilburn,* 849 S.W.2d 810 (Tex.1993). There, Kilburn sued the city of Houston because an employee of its Animal

Control Bureau shot and killed two pit bull dogs belonging to Kilburn. The primary distinction between *Kilburn* and our present case is that Kilburn filed suit against both the city of Houston and the employee who shot the pit bulls. *Id.* at 811. Though distinguishable on party grounds the procedural significance is revealing and applicable. In *Kilburn,* the city of Houston filed its motion for summary judgment contending only that the city was not liable because of sovereign immunity. The city employee who shot the pit bulls, though named as a party, did not file a motion for summary judgment and never asserted the affirmative defense of qualified immunity. The Supreme Court determined that "under the procedural posture of this case, the City's attempt to appeal must fail." *Id.* at 812.

We can but conclude that at the time the trial court denied Lamar University's motion for summary judgment, Lamar University not having asserted the qualified immunity of its employees, was excluded from those exceptions provided under § 51.041(5). We fail to find support for appellees' "two bites at the apple" theory, either as to the subsequent filing of Lamar's Plea to the Jurisdiction and Motion to Dismiss or as to its appellate remedy. Actually, Lamar University never had its first bite at the "appellate apple," for it had no adequate interlocutory appellate remedy. Though Lamar sought an end to this litigation through both a summary judgment motion and a plea to the jurisdiction, the pleadings and legal effect of these motions are readily distinguishable as to purpose and effect. Lamar's summary judgment motion sought an end to litigation through its contention that appellees had failed to state a cause of action since appellees' claims did not involve a premises defect, a condition of tangible personal property, or the operation or use of a motor vehicle. These allegations and contentions go to the merits of appellees' lawsuit. Appellant's Plea to the Jurisdiction however, seeks an end to this litigation on grounds that the trial court did not have jurisdiction to render a valid judgment.

Having determined that Lamar University could properly challenge the trial court's jurisdiction over the subject matter of appellees' claims, even following its failed attempt to obtain a summary judgment on the merits, we shall review the law as applicable to the present matter.

### SOVEREIGN IMMUNITY

■ Regarding waiver of governmental immunity, it is an accepted and fundamental rule in Texas jurisprudence that the State of Texas, its agencies, and its officers may not be sued without the consent of the Texas legislature. *See Federal Sign v. Texas Southern University,* 951 S.W.2d 401, 405 (Tex.1997); *Director of the Dep't of Agric. & Env't v. Printing Industries Ass'n,* 600 S.W.2d 264, 265 (Tex.1980); *Hosner v. DeYoung,* 1 Tex. 764, 769 (1847). This immunity even exists where the State's liability is not disputed. *See Missouri Pac. R.R. v. Brownsville Navigation Dist.,* 453 S.W.2d 812, 813 (Tex.1970). State agencies, such as Lamar University, also enjoy the protective umbrella of sovereign immunity, except in instances where immunity has been expressly waived by statute. *See Delaney v. University of Houston,* 835 S.W.2d 56 (Tex.1992). The Texas Tort Claims Act provides:

A governmental unit in the state is liable for:

(1) Property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). The present case focuses upon the application of § 101.021(2), i.e., "a

condition or use of tangible personal or real property."

Appellees, through their Third Amended Petition, attempt to place liability on Lamar University for leasing a dormitory room to William Peddy, Jr., where Peddy allegedly photographed and videotaped the two minor appellees. The thrust of appellees' contention is that the renting of this dormitory room to William Peddy, constituted a "use of tangible real property" under the statute. Additionally, appellees contend that Lamar University was negligent per se in that it had an affirmative duty, in accordance with the Texas Family Code § 261.101(a) to protect the minor appellees. Appellees' Third Amended Petition generally pleads that: Lamar University had actual notice of William Peddy's pedophilic propensity; having such knowledge, Lamar University continued to rent William Peddy a dormitory room; the doctrine of respondeat superior applies since Lamar University had knowledge of Peddy's sexual propensities; Lamar University was negligent in failing to warn and failing to protect the Doe children; Lamar University was negligent per se in failing to comply with the affirmative duty required under § 261.101(a) of the Texas Family Code, i.e., the reporting of such conduct.[1]

It is apparent that appellees' general pleading of "use of tangible, real property" is an attempt to avoid the necessary pleading requirements of a premises liability case which is "a condition of real property."

In *The University of Texas Medical Branch at Galveston v. Davidson*, 882 S.W.2d 83, 84 (Tex.App.—Houston [14th Dist.] 1994, no writ), the Fourteenth Court of Appeals said:

> Section 101.021 fixes the elementary rule: governmental immunity is waived in three general areas—injuries arising from (1) use of publicly owned vehicles or other

motor-driven equipment, (2) a *condition* of *real* property (premises liability), and (3) the condition or use of *personal* property. *Salcedo v. El Paso Hospital District*, 659 S.W.2d 30, 31 (Tex.1983) (emphasis ours). Liability for premises defects is implied under § 101.021(2) because premises defects arise from a condition existing on real property.

There must be a direct causal link between the use or condition of the property and the injury. *See Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976).

When confronted with a plea to the jurisdiction which contends that the trial court is without power to proceed on the subject matter in question, the question of whether a genuine issue of material fact exists as to the merits of plaintiffs' lawsuit is immaterial. The merits of plaintiffs' suit only become ripe for consideration *after* the trial court determines subject matter jurisdiction. A trial court, attempting to determine whether it has subject matter jurisdiction is sometimes caught up in the confusing overlap of mixing the merits of the cause of action (assuming same to be viable) with the foremost question, does the party/parties have standing to bring the action and does the court have jurisdiction over the subject matter? A mere pleading of waiver of governmental immunity does not constitute, for subject matter jurisdiction purposes, a waiver of such immunity.

Appellees, by brief, continually point out that appellant's motion for summary judgment was denied because appellees had raised genuine issues of material fact regarding waiver of sovereign immunity. We are not here concerned with whether genuine issues of material fact were raised at summary judgment regarding appellees' claims of negligence, negligence per se, etc., but

---

1. Ironically, the Doe parents sued Lamar University for failing to do what the Does were required by law to do, but failed to do when their oldest son, then five years of age, was first sexually victimized by William Peddy, Jr. But for their failure to report, we can only speculate as to this story's ending. *See* Section 261.109 of the Family Code requires the reporting of such offense. Section 261.109 provides:

> (a) A person commits an offense if the person has cause to believe that a child's physical or mental health or welfare has been or may be adversely affected by abuse or neglect and knowingly fails to report as provided in this chapter.
> (b) An offense under this section is a Class B misdemeanor.

rather, whether the trial court had subject matter jurisdiction to entertain such claims. We opine that the trial court became overly engaged in the factual merits of appellees' suit which ultimately consumed the foremost question: Did subject matter jurisdiction exist?

■ When a lawsuit is barred by governmental immunity, dismissal with prejudice for want of jurisdiction is proper. *Liberty Mut. Ins. Co. v. Sharp,* 874 S.W.2d 736, 739 (Tex.App.—Austin 1994, writ denied). "In deciding whether to grant a plea to the jurisdiction, the trial court must look solely to the allegations in the petition." *Id.* at 739. Want of subject matter jurisdiction arrests a cause at any stage in the proceeding. *Id.,* citing *Southwestern Bell Telephone Co. v. City of Kountze,* 543 S.W.2d 871, 873 (Tex. Civ.App.—Beaumont 1976, no writ). Further, a court's jurisdiction is conferred by the constitution and the statutes; a court without jurisdiction cannot render a valid judgment. *Id.*

■ Though the Does have no doubt raised several issues for factual consideration, the question becomes, whether the Does, through their pleadings, have established Lamar University's consent to be sued or that such consent has been statutorily waived. The limited statutory waiver of immunity pertains to the "use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property." *Lowe,* 540 S.W.2d at 298. Clearly, the Does' action does not involve a premises defect, a condition of tangible personal property, or the operation or use of a motor vehicle. Thus, if there has been a waiver of sovereign immunity here, such waiver can only exist if the Does establish that an employee of Lamar University negligently used tangible personal property, proximately causing plaintiffs' injuries. TEX. CIV. PRAC. & REM.CODE § 101.021(2).

Specifically, the Does pleaded that it was Lamar University's use of tangible, real property which brought about the Does' injuries. We can but conclude that the Does' pleadings constitute a contention that a condition of the real property, to wit, the rented dormitory room, caused an injury to the Doe children. The Does do not allege nor explain how the rented dormitory room itself brought about the children's alleged injuries. "Property does not cause injury if it does no more than furnish the condition that makes the injury possible." *Dallas County Mental Health and Mental Retardation, et al. v. Bossley, et al.,* 968 S.W.2d 339, 343 (1998). The question in *Bossley* was whether an employee of a governmental unit [Dallas County MHMR] who left a door to the facility unlocked was liable, as well as the governmental unit, under § 101.021(2) for the death of Roger Bossley, a patient at said facility, who escaped through said unlocked door, leapt into the path of a truck and was killed. The Texas Supreme Court determined that the unlocked door, though permitting Bossley's escape, did not cause his death.

In the present case, it was the occupant of the dormitory room who brought about the injuries to the Doe children, not the dormitory room itself. In *LeLeaux v. Hamshire–Fannett School Dist.,* 835 S.W.2d 49, 52 (Tex. 1992), the Supreme Court determined that "[w]hen an injury occurs on a school bus but does not arise out of the use or operation of the bus, the bus is only the setting for the injury, immunity for liability is not waived." In the instant case, the dorm room merely provided a setting for William Peddy to perform his sexual misconduct.

■ Though appellees, in their Third Amended Petition, allege that Lamar University was negligent by "failing to warn and failing to protect" the minor appellees, such pleadings do not meet the Texas Tort Claims Act requirements. If anything, these pleadings constitute a non-use of property. Non-use of property does not fall within the limited waiver of sovereign immunity contained in § 101.021(2). Failure to use, failure to act, or non-use claims do not satisfy the use-of-property requirement. Since the enactment of the Texas Tort Claims Act, the use-of-property clause has been the object of frequent judicial analysis. In *Montoya v. John Peter Smith Hosp.,* 760 S.W.2d 361, 363 (Tex. App.—Fort Worth 1988, writ denied), the court held that "use" as employed in the Texas Tort Claims Act has been consistently

defined so as to exclude non-use or failure to use property. The Fort Worth Court in *Armendarez v. Tarrant County Hospital Dist.*, 781 S.W.2d 301, 304 (Tex.App.—Fort Worth 1989, writ denied), acknowledged that "a nonuse of personal property does not trigger a waiver of immunity under the Tort Claims Act." In *Kassen v. Hatley*, 887 S.W.2d 4, 14 (Tex.1994), the Texas Supreme Court reaffirmed the rule that the non-use of property cannot constitute the use of property for purposes of the Texas Tort Claims Act. The court concluded that the non-use of available property did not meet the requirements of the Texas Tort Claims Act, stating:

> We have never held that a non-use of property can support a claim under the Texas Tort Claims Act. Section 101.021, which requires the property's condition or use to cause the injury, does not support this interpretation.

■ Regarding appellees' allegation that Lamar University was negligent in failing to warn and failing to protect the Doe children, Texas courts have consistently held that where an allegation stems from negligent judgment or human error rather than a use or misuse of property, the pleadings fail to satisfy the limited waiver of immunity contained in § 101.021(2) of the Texas Tort Claims Act. *See Russell v. Texas Dep't of Human Resources*, 746 S.W.2d 510, 513 (Tex. App.—Texarkana 1988, writ denied); *Floyd v. Willacy County Hospital Dist.*, 706 S.W.2d 731, 733 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *Brantley v. City of Dallas*, 545 S.W.2d 284, 286 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.).

Appellees' real complaint is that Lamar University made an erroneous judgment regarding Mr. Peddy's proclivity to photograph children in various states of nudity and its decision to allow him to be a student and reside in a dormitory. Such complaints are not actionable under the Tort Claims Act and do not constitute a waiver of immunity.

■ Appellees' Third Amended Petition also alleges misuse of information by Lamar University. Appellees contend that Lamar University employees had some knowledge that William Peddy was a suspected pedophile and that Lamar University should have used that information to prevent the illegal photographs from being taken. Even if Lamar University employees knew that William Peddy was a pedophile, which Lamar denies, misuse of that information is not relevant. The utilization of information does not constitute a use of tangible personal property, let alone real property. In *Texas Youth Com'n v. Ryan*, 889 S.W.2d 340 (Tex.App.—Houston [14th Dist.] 1994, no writ), the plaintiff was beaten, stabbed, and raped by a student in the custody of the Texas Youth Commission (TYC). The plaintiff alleged that the TYC was negligent in its use of written diagnostic tests and evaluations, which would have led the TYC to place the student in a more secure facility rather than a halfway house. The court found no waiver of sovereign immunity because utilization of information does not constitute use of tangible personal property. *Id.* at 345. *See also University of Texas Medical Branch v. York*, 871 S.W.2d 175, 179 (Tex.1994).

Appellees effectively failed to provide the trial court with subject matter jurisdiction by failing to plead a cause of action under the Texas Tort Claims Act. Having failed to plead a cause of action under the Texas Tort Claims Act, the trial court's order denying appellant's Plea to the Jurisdiction is vacated, and appellees' causes of action pursuant to said tort claims act are ordered dismissed with prejudice for lack of jurisdiction.

ORDER DENYING PLEA TO JURISDICTION VACATED; APPELLEES' CAUSE OF ACTION ORDERED DISMISSED.