MONTGOMERY COUNTY, Texas, Appellant,

v.

Carlton FUQUA and Randolph Bowles, Appellees.

No. 09–99–492CV.

Court of Appeals of Texas, Beaumont.

Submitted May 18, 2000.

Decided July 20, 2000.

Rehearing Overruled Aug. 10, 2000.

Frank H. Bass, Jr., County Atty., Anthony K. Bernardino, Asst. County Atty., Conroe, for appellant.

Lance Lackey, West, Webb, Allbritton & Gentry, College Station, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

Appellant, Montgomery County, Texas ("County"), brings this interlocutory appeal from the trial court's denial of its motion to dismiss the suit brought by appellees, Carlton Fuqua and Randolph Bowles. Appellees filed suit against Kipling Oaks Homeowners' ASsociation ("Association") and the County for flooding and drainage problems associated with their residential properties and the roads leading to them.

The County brings two issues. In the first, the County contends appellees are precluded as a matter of law from recovering monetary damages from the County because of the County's governmental immunity and the statute of limitations. In the second, the County maintains appellees are precluded as a matter of law from seeking an injunction based on their alleged claims. Appellees waived the filing of a brief on appeal.

We find we have no jurisdiction in this interlocutory appeal to consider appellant's statute of limitations or injunction issues. We further find the trial court should have granted the County's motion to dismiss based on its plea to the jurisdiction regarding appellees's cause of action under article 6702–1 of the County Road and Bridge Act. We further find the trial court properly denied appellant's motion to dismiss appellees' nuisance cause of action.

▮ The Texas Civil Practice & Remedies Code in Section 51.014 allows interlocutory appeals only in certain specified instances, including the appeal of an order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." Tex.

CIV. PRAC. & REM.CODE § 51.014(a)(8).[1] A county is among the entities defined as a "governmental unit" in Section 101.001. TEX. CIV. PRAC. & REM.CODE § 101.001(3)(B). Moreover, we construe the statute authorizing interlocutory appeals strictly because it "is a narrow exception to the general rule that only final judgments and orders are appealable." *Texas Dept. of Transp. v. City of Sunset Valley*, 8 S.W.3d 727, 730 (Tex.App.—Austin 1999, no pet.)(citing *America Online, Inc. v. Williams*, 958 S.W.2d 268, 271 (Tex.App.—Houston [14th Dist.] 1997, no pet.)).

 Governmental "immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Texas Department of Transp. v. Jones*, 8 S.W.3d 636, 639 (Tex.1999). When reviewing an interlocutory appeal of a trial court's denial of a motion to dismiss for lack of subject matter jurisdiction, we look solely to the allegations in the plaintiff's petition, and assume those allegations are correct. *See Green Int'l, Inc. v. State*, 877 S.W.2d 428, 431 n. 3 (Tex.App.—Austin 1994, writ dism'd); *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 739 (Tex.App.—Austin 1994, writ denied)(citing *Texas Ass'n of Bus. v. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993)). Our concern is whether appellees' pleadings state a cause of action that confers jurisdiction on the trial court. *See Lamar Univ. v. Doe*, 971 S.W.2d 191, 194 (Tex.App.—Beaumont 1998, no pet.). Thus, if the plaintiff fails to allege sufficient facts in its petition to establish a waiver of immunity, granting the motion to dismiss for lack of subject matter jurisdiction is appropriate. Of course, if the governmental entity's motion is denied, the entity may always reassert its immunity

defense if and when discovery or other evidence later demonstrates that under the specific facts of the case, immunity has not been waived. *See Methodist Hosps. v. Texas Workers' Compensation Comm'n*, 874 S.W.2d 144, 149 (Tex.App.—Austin 1994, no writ)(lack of trial court jurisdiction may be raised at any time, even on appeal, by the parties or by the court itself). "In reviewing the grant or denial of a plea to the jurisdiction, we do not look at the merits of the case." *Texas Dept. of Transp. v. City of Sunset Valley*, 8 S.W.3d 727, 730 (citing *Firemen's Ins. Co. v. Board of Regents of Univ. of Tex. Sys.*, 909 S.W.2d 540, 541 (Tex.App.—Austin 1995, writ denied)).

In its first issue, the County contends that governmental immunity protects it from appellees' claims based on article 6702-1 as well as their nuisance claims. We consider first the claims under article 6702-1.

 Appellees contend the County's failure "to maintain the drainage of the county roads near the Lake" violates article 6702-1 of the County Road and Bridge Act, and results in damage to appellees' property. In their petition, appellees do not assert that specific sections of the Act are violated, and they have provided no brief to aid us in our decision. However, several provisions of the Act's section 2.102 appear to be pertinent:

(a) The commissioners court may order ... the construction and maintenance of ditches, drains and watercourses as provided by this subchapter. These ditches, drains, and watercourses hereinafter called ditches, shall be placed on or within the exterior lines of all public

---

1. Section 51.014 allows appeals from other interlocutory orders that: (1) appoint receivers or trustees; (2) overrule motions to vacate orders appointing receivers or trustees; (3) certify or refuse to certify a class; (4) grant or refuse a temporary injunction or grant or overrule a motion to dissolve a temporary injunction; (5) deny motions for summary judgment based on assertion of immunity by individuals who are officer or employees of the state or a political subdivision of the state; (6) deny motions for summary judgment based upon claims or defenses by members of the media arising under constitutional free speech or free press protections; (7) grant or deny special appearances. TEX. CIV. PRAC. & REM.CODE § 51.014(a).

roads within the county and shall have the capacity to carry off into natural waterways all surface water reasonably adjacent and liable to collect in the ditches from natural causes

(b) In connection with this authority to construct and maintain ditches, the commissioners court may construct any side, lateral spur, branch ditch, or watercourse necessary. However:

(1) a ditch may not be constructed without an outlet to a natural waterway large enough to carry off all water that may collect in the ditch; and

(2) a commissioners court or its employee may not change the natural course of any branch, creek, or stream; branches, creeks, or streams shall cross public roads at the water's natural crossing; culverts shall be of sufficient size to allow water to flow at high tide from its intersection with the road across its natural outflow at the opposite natural channel.

(c) The commissioners court shall:

(1) make a drain on each side of a road and use the dirt from the drain excavation to build the road;

(2) drain public roads when necessary and have ditches cut for that purpose, taking into account the natural waterflow and causing as little injury as possible to adjacent landowners; and

(3) in case of damages to a landowner, assess the damages and make payment to the landowner out of the county's general revenue; in case of disagreement, the amount of damages may be settled by suit as in other cases.

TEX.REV.CIV. STAT. ANN. art. 6702–1, § 2.102 et seq. (Vernon 1995), *repealed by* Act of

April 21, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex. Gen. Laws 1025, 1870 (current version at TEX. TRANS. CODE ANN. § 254.005–.006 (Vernon 1999)).[2] The statute clearly allows suits for damages and, thus, provides a limited waiver of the county's governmental immunity under the provisions of section 2.102(c). Next, we determine whether appellees pleaded sufficient facts to bring their cause of action within the scope of this statute.

■ Appellees assert the subdivision's roads became county roads by prescription in 1989 and further that they have repeatedly given notice to the county of inadequate drainage on the roads. According to appellees, a lake located in the subdivision overflows during heavy rainfall, washing out the county roads adjacent to the lake and flooding appellees' property. Appellees contend the County's failure "to maintain the drainage of the county roads near the Lake" violates the statute and resulted in damage to appellees' property. Appellees do not allege that the county constructed the roads or has caused the drainage problems through construction or maintenance of the roads.

Under the provisions of Article 6730,[3] our appellate courts have held without exception that where the *construction or maintenance* of a public road by a county causes property damage to land adjacent to the road the Commissioners' Court of the County is required to assess and pay such damages to the adjacent landowner, and failure to do so is grounds for a suit for monetary damages against the County "as in other cases."

---

**2.** Appellees' suit was filed on March 8, 1995.

**3.** Tex.Rev.Civ. Stat. Ann. art. 6730 (1960), the predecessor statute to Article 6702–1, provides for a cause of action similar to 6702–1 as follows:

"The earth necessary to construct a causeway shall be taken from both sides, so as to make a drain on each side thereof. Whenever it is necessary to drain the water from any public road, the overseer shall cut a ditch for that purpose, having due regard for the natural water flow, and with as little injury as possible to the adjacent land owners. In such cases the commissioners court shall cause the damage to such premises to be assessed and paid out of the general revenues of the county, and in case of disagreement the same may be settled by suit as in other cases."

*Wade v. Jackson County,* 547 S.W.2d 371, 373 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.)(citing *Jones County v. Moore,* 4 S.W.2d 289 (Tex.Civ.App.—Eastland 1928, writ ref'd) (emphasis added)). The *Wade* court determined that the plaintiff's petition sufficiently stated an Article 6730 cause of action where he alleged the county's topping of the road surface caused flooding of his land. *Id.* Appellees have provided us with no cases that construe the provisions of Article 6702–1 or its predecessor statute, Article 6730. Our research finds cases that apply the statutes to waive governmental immunity where county construction or maintenance of road activities is involved, but finds none that would apply in a situation such as appellees present. Thus, we find that appellees' pleadings fail to allege sufficient facts to establish that waiver of governmental immunity has occurred under the statute. The County's motion to dismiss as it relates to appellees' cause of action stated under Article 6702–1 should have been granted, with prejudice.

▆ Appellees further contend the County has unreasonably ignored the drainage problems of the county roads in the subdivision, and that the County's failure to provide a drain for the roads threatens appellees; interferes with the use and enjoyment of their property, and causes damage to their property. Appellees also contend the creation and continuation of this nuisance has reduced the market value of their properties. Appellees further allege the county was negligent in: (1) failing to provide proper drainage and correct drainage problems on proper notice; (2) impounding, interfering with and diverting the natural flow of the lake surface waters; and (3) failing to install a drain under the county roads. Appellees contend that the county's acts and omissions constitute a "proximate cause of the interference with the use and enjoyment of [appellees'] premises and the damages"

made the basis of their suit. Appellees further allege the County knew or should have known that the failure to correct the drainage problem would cause damage and depreciation to the property, and therefore the County has voluntarily and intentionally or negligently interfered with the use and enjoyment of appellees' properties. Appellees further assert that after a significant rainfall in October, 1994, their homes "were entirely flooded" as a result of inadequate drainage of the lake and county roads. In addition to damages, interest, and costs of suit, appellees requested a permanent injunction forcing the county to correct the drainage problems.

▆ While governmental entities generally are immune from both liability and suit unless they consent, actions brought pursuant to article I, section 17 of the Texas Constitution[4], such as inverse condemnation claims, are allowed under a limited exception to the doctrine of sovereign immunity. *See Federal Sign v. Texas So. Univ.,* 951 S.W.2d 401, 405 (Tex.1997). Nuisance claims also are alternative grounds of recovery under article 1, section 17 and also are exceptions to the doctrine of sovereign immunity. *See Tarrant County v. English,* 989 S.W.2d 368, 374 (Tex.App.—Fort Worth 1998, pet. denied); *Golden Harvest Co. v. City of Dallas,* 942 S.W.2d 682, 688–90 (Tex.App.—Tyler 1997, writ denied)(holding sovereign immunity does not make city immune from action for nuisance caused by city's non-negligent or intentional acts where suit brought under article I, section 17 of Constitution).

▆ "Governmental entities may be liable for nuisances created or maintained in the course of non-negligent performance of governmental functions." *Wickham v. San Jacinto River Authority,* 979 S.W.2d 876, 880 (Tex.App.—Beaumont 1998, no pet.)(citing *City of Tyler v. Likes,* 962

---

4. This section provides that "[n]o person's property shall be taken, damaged, or destroyed for or applied to public use without

adequate compensation being made, unless by the consent of such person." Tex. Const. art. I, § 17.

S.W.2d 489, 503–04 (Tex.1997)). "In this context, 'non-negligence' means beyond negligence, as in gross negligence or an intentional act. But if a nuisance is caused by the negligent performance of a governmental function, then the governmental entity is protected from liability because of governmental immunity." *Tarrant County v. English,* 989 S.W.2d 368, 374–75 (Tex. App.—Fort Worth 1998, pet. denied) (citations omitted). Further, as this Court noted:

> A nuisance is a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it. *Loyd v. ECO Resources, Inc.,* 956 S.W.2d 110, 125 (Tex.App.—Houston [14th Dist.] 1997, no writ); *Maranatha Temple, Inc. v. Enterprise Products Co.,* 893 S.W.2d 92, 98–99 (Tex. App.—Houston [1st Dist.] 1994, writ denied). To maintain a cause of action for nuisance, a plaintiff must be able to show the alleged nuisance is inherent in the condition or thing itself, beyond that arising from alleged improper or negligent use. *See Loyd,* 956 S.W.2d at 125; *Schneider v. City of Cuero,* 749 S.W.2d 614, 617 (Tex.App.—Corpus Christi 1988, writ denied).

*Wickham,* 979 S.W.2d at 880.

■ In *Wickham,* a summary judgment case, we considered the San Jacinto River Authority's liability for flooding problems occurring from a sole event, the release of water from Lake Conroe, and found no nuisance existed. *Id.* The standard of review for a summary judgment, however, is quite different from that of an interlocutory appeal of a plea to the jurisdiction. A summary judgment review concerns whether genuine issues of material fact have been raised and, thus, is concerned with the factual merits of the claims. *See Lamar Univ. v. Doe,* 971 S.W.2d at 195–96. Here, we do not consider the merits. *City of Sunset Valley,* 8 S.W.3d at 730 (citing *Firemen's Ins. Co. v.*

*Board of Regents of Univ. of Tex. Sys.,* 909 S.W.2d 540, 541 (Tex.App.—Austin 1995, writ denied)). Rather, we consider whether appellees' pleadings state a cause of action that conferred jurisdiction on the trial court. *See Lamar Univ. v. Doe,* 971 S.W.2d at 195–96.

Appellees pleaded the creation and continuation of the drainage nuisance reduced the market value of their properties. Appellees further allege the County knew or should have known that the failure to correct the drainage problem would cause damage and depreciation to the property, and therefore the County voluntarily and intentionally or negligently interfered with the use and enjoyment of appellees' properties. Without considering the merits of appellees' allegations, we find them sufficient to state a cause of action for nuisance against the County. Thus, the trial court was correct in declining to grant the County's motion to dismiss on this claim.

■ The County recognizes that appellees have argued that the county may be held liable on a "theory of non-negligent nuisance" as has been applied to municipalities. The County informs us that "[r]esearch indicates that this theory of recovery applies only to municipalities, and not to counties." However, inasmuch as the County has failed to cite supporting authority for this argument, it is waived. *Jim Arnold Corp. v. Bishop,* 928 S.W.2d 761, 771 (Tex.App.—Beaumont 1996, no writ)(citing *Champion v. Wright,* 740 S.W.2d 848, 852 (Tex.App.—San Antonio 1987, writ denied); *Beaty v. Bales,* 677 S.W.2d 750, 758 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.)).

■ Appellant further argues under issue one that appellees' causes of action are barred by the statute of limitations. Section 51.014(a), the interlocutory appeals statute, does not authorize us to hear an appeal based on a statute of limitations defense. *See* Tex. Civ. Prac. & Rem.Code § 51.014(a). Further, limitations is a well recognized affirmative de-

fense. TEX.R. CIV. P. 94; *Texacadian Energy v. Lone Star Energy Storage Inc.*, 829 S.W.2d 369, 371 (Tex.App.—Corpus Christi 1992, writ denied). Affirmative defenses are "pleas in bar," and do not provide a justification for summary dismissal on the pleadings. *Kelley v. Bluff Creek Oil Company*, 158 Tex. 180, 309 S.W.2d 208, 214–15 (1958); *Union Pacific Fuels, Inc. v. Johnson*, 909 S.W.2d 130, 134 (Tex. App.—Houston [14th Dist.] 1995, no writ). We are without jurisdiction to consider the County's limitations argument in this interlocutory appeal.

■ Finally, in issue two, the County argues that appellees are precluded from seeking an injunction as a matter of law. The trial court has not granted an injunction. We have jurisdiction to consider interlocutory appeals only of temporary injunctions that have either been granted or refused. TEX. CIV. PRAC. & REM.CODE § 51.014(a)(4). Neither event has occurred here. We overrule the County's second issue.

Thus, we are without jurisdiction to consider either the County's limitations argument or its injunction issue. We further find the trial court properly denied the County's motion to dismiss appellees' nuisance cause of action. However, we find the appellees failed to provide the trial court with subject matter jurisdiction by failing to plead a cause of action under article 6702–1 of the County Road and Bridge Act. Therefore, we vacate the trial court's order denying the County's motion to dismiss based on its plea to the jurisdiction regarding appellees's cause of action under article 6702–1 of the County Road and Bridge Act and dismiss such action with prejudice. Appellees' remaining cause of action is remanded.

REVERSED AND REMANDED.