COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-06-240-CV

 

 

STEVEN BIERMERET                                                            APPELLANT

 

                                                   V.

 

THE UNIVERSITY OF TEXAS

SYSTEM                                                                               APPELLEE



 

                                              ------------

 

           FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








As a
result of a slip and fall in the shower area at a swimming facility owned by
The University of Texas at Arlington (AUTA@),[2]
Appellant Steven Biermeret sued UTA and asserted
negligent-use-of-tangible-personal-property and premises liability claims.[3]  The trial court granted UTA=s plea
to the jurisdiction and combined no-evidence and traditional summary judgment
motion and refused to state the reasons for its rulings.  Biermeret raises four issues on appeal.  Because the facts pleaded by Biermeret and
the  jurisdictional evidence presented to
the trial court do not raise a fact question concerning the trial court=s
subject matter jurisdiction over his
negligent-use-of-tangible-personal-property claim, and because, according to
binding Texas Supreme Court precedent,[4]  Biermeret was required toCbut did
notCproduce
some jurisdictional evidence that UTA had either actual or constructive
knowledge that the exact water that Biermeret slipped on was actually on the
floor when he slipped on it, we must affirm the trial court=s ruling
sustaining UTA=s plea to the jurisdiction.

II.  Factual
and Procedural Background








Biermeret
paid to use UTA's exercise facilities, including its indoor swimming pool.  It was his normal routine to check in, change
in the locker room, shower prior to swimming, and then go into the pool and
swim.  One day in June 2004, Biermeret
commenced this routine.  After taking his
preswim shower, Biermeret exited the shower, walked across the shower area on
some mats, stepped off of a mat onto an uncovered area of the tile floor, and
slipped and fell on the tile floor. 
Paramedics arrived and took Biermeret to receive medical treatment for
the injuries he sustained in the fall.  

Biermeret
subsequently filed suit against UTA. 
Biermeret pleaded a premises liability claim, asserting that the
recreational use statute did not apply and that UTA therefore owed and breached
the duty that a private person owes an invitee. 
Biermeret alternatively pleaded that, if the court found that the
recreational use statute did apply, then UTA owed and breached the duty that a
private person owes a trespasser.  In the
alternative to the premises liability claim, Biermeret also alleged that UTA
negligently used tangible personal property. 


UTA soon
thereafter filed a single pleading that contained (1) a plea to the
jurisdiction and motion to dismiss and (2) a combined no-evidence and
traditional motion for summary judgment. 
The trial court made the following ruling after the hearing on UTA=s
motion:








THE COURT:    I=m going to grant the
Motion to Dismiss and I=m going to grant the
summary judgment, which obviates the need to stay the proceedings.  Am I correct?

 

[UTA]:            Yes,
Your Honor.

 

[BIERMERET]:  Judge, if the Court is inclined, and if we are to appeal on those
points[,] can I request the Court to specify on - - 

 

THE COURT:    You
may so request and I will specifically state that I would not state a
reason.  I=m going to enter simple
orders granting both, and let the Court of Appeals sort it out.

 

The court subsequently
entered written orders granting UTA=s plea
to the jurisdiction and its combined no-evidence and traditional motion for
summary judgment without specifying the grounds for either ruling.  Biermeret timely perfected an appeal to this
court.  

III.  Plea to
the Jurisdiction[5]








In the plea to the jurisdiction
portion of its motion, UTA asserted that Biermeret failed to allege facts
sufficient to establish a waiver of immunity, and, alternatively, that the
jurisdictional evidence did not demonstrate a waiver of immunity. 

A.     Standard of Review

A plea to the jurisdiction
challenges the trial court=s
authority to determine the subject matter of the action.  Tex. Dep=t of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  Whether a trial court has subject matter
jurisdiction and whether a pleader has alleged facts that affirmatively
demonstrate the trial court=s
subject matter jurisdiction are questions of law that we review de novo.  Tex. Dep=t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.
2004); Tex. Natural Res. Conservation Comm=n v. IT‑Davy, 74
S.W.3d 849, 855 (Tex. 2002). 








The determination of whether a
trial court has subject matter jurisdiction begins with the pleadings.  Miranda, 133 S.W.3d at 226.    The plaintiff has the burden to plead facts
affirmatively showing that the trial court has jurisdiction.  Tex. Ass=n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993); Univ. of N. Tex. v. Harvey, 124 S.W.3d 216, 220 (Tex. App.CFort
Worth 2003, pet. denied). We construe the pleadings liberally in favor
of the pleader, look to the pleader=s
intent, and accept as true the factual allegations in the pleadings.  See Miranda, 133 S.W.3d at 226, 228; City
of Fort Worth v. Crockett, 142 S.W.3d 550, 552 (Tex. App.CFort
Worth 2004, pet. denied).       If a plea
to the jurisdiction challenges the existence of jurisdictional facts, we
consider relevant evidence submitted by the parties when necessary to resolve
the jurisdictional issues raised, as the trial court is required to do.  See Bland ISD v. Blue, 34 S.W.3d 547,
555 (Tex. 2000) (confining the evidentiary review to evidence that is relevant
to the jurisdictional issue).  We take as
true all evidence favorable to the nonmovant and indulge every reasonable
inference and resolve any doubts in the nonmovant=s
favor.  Miranda, 133 S.W.3d at
228.  If the evidence creates a
fact question regarding the jurisdictional issue, then the trial court cannot
grant the plea to the jurisdiction, and the fact question will be resolved by
the fact-finder.  Id. at 227‑28;
Bland, 34 S.W.3d at 555.  If the
relevant evidence is undisputed or fails to raise a fact question on the
jurisdictional issue, however, the trial court rules on the plea to the
jurisdiction as a matter of law.  Miranda,
133 S.W.3d at 227‑28; Bland, 34 S.W.3d at 555.

 








B.     Sovereign Immunity

Generally, governmental units
are immune from suit unless the legislature expressly consented to the
suit.  Jones, 8 S.W.3d at 638; Fed.
Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997), overruled on
other grounds, Gen. Servs. Comm=n v.
Little-Tex. Insulation Co., 39 S.W.3d. 591, 593 (Tex.
2001).  The legislature gave such consent
and granted a limited waiver of immunity in the TTCA, which permits suits to be
brought against governmental units in certain narrowly-defined circumstances.  Tex. Dep=t of
Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001); see
also Dallas County MHMR v. Bossley, 968 S.W.2d 339, 341 (Tex.), cert.
denied, 525 U.S. 1017 (1998).  The
TTCA permits suit against governmental units for personal injuries in three
general circumstances, including personal injuries caused by (1) the use of
publicly owned automobiles, (2) a condition or use of tangible personal or real
property, and (3) a premises defect, or the condition of real property.  See Tex.
Civ. Prac. & Rem. Code Ann. ''
101.021(1)-(2), 101.022; Perez v. City of Dallas, 180 S.W.3d 906, 910
(Tex. App.CDallas 2005, no pet.).








Liability for premises defects
is implied under section 101.021(2) because a premises defect arises from a
condition existing on real property.  Perez,
180 S.W.3d at 910 (citing City of Midland v. Sullivan, 33 S.W.3d 1, 6
(Tex. App.CEl Paso 2000, pet. dism=d
w.o.j.), and Lamar Univ. v. Doe, 971 S.W.2d 191, 195 (Tex. App.CBeaumont
1998, no pet.)).  If the condition of
real property giving rise to the waiver of immunity is a premises defect, the
governmental unit owes to the claimant only the duty that a private person owes
to a licensee on private property.    Tex. Civ. Prac. & Rem. Code Ann. '
101.022(a).  However, if the claimant
pays for the use of the premises, the limitation of duty under  section 101.022 does not apply and the
governmental entity owes the claimant the duty owed to an invitee.  See id.   The duty to an invitee Arequires
an owner to use ordinary care to reduce or eliminate an unreasonable risk of
harm created by a premises condition of which the owner is or reasonably should
be aware.@  State Dep=t of
Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 237 (Tex.
1992).

A plaintiff must plead facts
sufficient to invoke a waiver of sovereign immunity under the TTCA.  County of Cameron v. Brown 80 S.W.3d
549, 555 (Tex. 2002) (pet. denied);  Univ.
of N. Tex., 124 S.W.3d at 222.  We
must look to the terms of the TTCA and then determine whether the liability
theories pleaded, the facts pleaded, and the evidence presented demonstrate a
claim falling within the TTCA=s waiver
of immunity.  Univ. of N. Tex.,
124 S.W.3d at 222.

 

 

 








C.     No
Invocation of Trial Court=s Subject Matter Jurisdiction over
Negligent-Use-of-Tangible-Personal-Property Claim

 

Biermeret pleaded that UTA
employees Anegligently maintained floor
mats that were defective and negligently used defective floor mats around the
showers at the UTA pool.@ 
UTA=s plea to the jurisdiction
argued that Biermeret failed to allege and bring forth evidence supporting his
contention that he suffered an injury that was proximately caused by a
condition or use of tangible personal property. 

The TTCA waives governmental
immunity for Apersonal injury . . . caused by
a condition or use of tangible personal . . . property if the governmental unit
would, were it a private person, be liable to the claimant according to Texas
law.@  Tex.
Civ. Prac. & Rem. Code Ann. '
101.021(2).  Tangible personal property
means something that has a corporeal, concrete, and palpable existence.  Univ. of N. Tex., 124 S.W.3d at
223.  To establish a waiver of immunity
for his negligent-use-of-tangible-personal-property claim, Biermeret must have
pleaded and to the extent necessary introduced jurisdictional evidence that UTA
used tangible personal property and that the use proximately caused his
injuries.  Id.                 








AUse@ means A>to bring
into action or service; to employ for or apply to a given purpose.=@  San Antonio State Hosp. v. Cowan, 128
S.W.3d 244, 246 (Tex. 2004)(quoting Beggs v. Texas Dept. Of Mental Health
& Mental Retardation, 469 S.W.2d 252, 254 (Tex. Civ. App.CSan
Antonio 1973, writ refd.); DART v. Whitley, 104 S.W.3d 540, 542 (Tex.
2003).  The TTCA and case law draws a
distinction between claims involving the failure to use, or the nonuse of
property, which do not waive sovereign immunity, from claims involving a Ause@ of
tangible personal property that causes injury, which do effect a waiver.  Miller, 51 S.W.3d at 587.  A governmental unit does not Ause@
personal property merely by allowing someone else to use it and nothing
more.  San Antonio State Hosp.,
128 S.W.3d at 246.  Thus, in the absence
of use by a governmental employee, a state entity is liable only if it provides
property lacking an integral safety component that leads to the plaintiff=s
injuries.  Id. at 247.

 To state a claim for which immunity is waived,
a plaintiff must allege that usage of the property itself actually caused the
injury.  Miller, 51 S.W.3d at 588;
Renteria v. Housing Auth. of the City of El Paso, 96 S.W.3d 454, 458
(Tex. App.CEl Paso 2002, pet. denied).  The use must have proximately caused the
injury; mere involvement of the property is insufficient.  Bossley, 968 S.W.2d at 343.  ARequiring
only that a condition or use of property be involved would conflict with the
Act=s basic
purpose of waiving immunity only to a limited degree.@  Id.








         Here, the record demonstrates that Biermeret
slipped after exiting the shower and stepping barefooted off of a mat and onto
the tile floor.  In his deposition,
Biermeret testified that AI took one foot off of wherever
this mat was and that=s [when] I went flying.@  The paramedic who responded to the call
regarding Biermeret=s slip and fall testified that
he understood that Biermeret had walked out of the shower, had stepped onto a
mat, and was stepping off of the mat when he slipped.  During the deposition of the only other
person in the shower area when Biermeret fell, the following exchange occurred:

Q:     Was
there a mat near him where he fell?

 

A:     Again,
the only thing that I recall is [that] he was laying [sic] on the tile surface,
not on a mat.

 

While
discussing the position of mats, Biermeret testified that he felt that the mats
Ashould
have been extended.@ 









But contrary to the allegations
in Biermeret=s petition, no jurisdictional
evidence in the record indicates that the floor mats were defective or that
Biermeret slipped and fell because of a defect in the floor mat.  Likewise, nothing in the record demonstrates
that UTA employees negligently used the floor mats in the shower area.  UTA provided the mats, but did not Ause@ them in
the way required by case law interpreting the TTCA=s waiver
of immunity.  See, e.g., Nunez v. City
of Sansom Park, 197 S.W.3d 837, 841 (Tex. App.CFort
Worth 2006, no pet.) (holding City did not Ause@ bunk
bed located in jail holding cell so as to waive sovereign immunity for wrongful
death claim stemming from inmate=s action
in hanging himself off bunk bed).

After considering all relevant
evidence submitted by the parties, taking as true all evidence favorable to
Biermeret and indulging every reasonable inference and resolving any doubts in
his favor, we hold that the evidence did not create a jurisdictional fact as to
whether UTA Aused@
tangible personal property.  See
Miranda, 133 S.W.3d at 227‑28; Bland, 34 S.W.3d at 555.  Consequently, applying a de novo standard of
review, we hold that the trial court did not err by granting UTA=s plea
to the jurisdiction on Biermeret=s
negligent-use-of-tangible-personal-property claim.  We overrule the portion of Biermeret=s first
issue challenging the trial court=s ruling
sustaining UTA=s plea to the jurisdiction on
this claim.

D.     No
Invocation of Trial Court=s Subject Matter Jurisdiction over Premises
Liability Claim

 

In asserting his premises
liability claim, Biermeret pleaded, in part, that

[a] condition on the
Defendant=s premises posed an unreasonable
risk of harm.  The flooring in and
surrounding the showering area was extremely slippery and created an
unreasonably dangerous condition. 
Defendant knew or reasonably should have known of the dangerous
condition of the premises because Defendant was made aware of the condition
through prior incidents and complaints prior to Mr. Biermeret=s injury.

 








The record contains emails sent
to UTA employees regarding at least one other slip and fall incident in the
women=s shower
area at UTA=s swimming facility.  The woman who slipped and fell wrote Athe
floor was slick and I slipped around and eventually fell flat on the ground. .
. . My main reason for the email is to let you all know that this is a
hazard[ous] area.@ 
A second email, sent by a UTA employee after Biermeret=s slip
and fall, stated that

We had a gentleman fall
in the men=s locker room again
on Saturday.  This time it required EMS
to take him to the hospital.

 

This is the second
accident we have had in the area immediately outside of the showers.  When we spoke last time, additional mats
were to be used to bridge the space between the showers and where the other
mats start.  [Emphasis added.]

 

The TTCA required Biermeret to
plead and prove that a premises defect arose from a condition existing on real
property and that Athe governmental unit would,
were it a private person, be liable to the claimant according to Texas law.@  Tex.
Civ. Prac. & Rem. Code Ann. '
101.021(2); City of Dallas v. Thompson, 210 S.W.3d 601, 602-03 (Tex.
2006).  But here, if UTA were a private
person, it would not be liable to Biermeret according to the Texas Supreme
Court=s recent
holding in Brookshire Grocery Co., 222 S.W.3d at 409.








In Brookshire Grocery, a
customer brought a premises liability suit against the grocery store for
injuries she sustained to her knee after she slipped on a partially melted ice
cube on a tile floor in front of a self-service soft drink dispenser located in
the store.  Id. at 407.  A Brookshire Grocery employee testified that
ice fell to the floor from the soft drink dispenser on a daily basis, that
users were prone to spill ice from time to time, and that ice on the floor was
a hazard to customers and had to be cleaned up regularly.  Id. 
There were three mats around the front of the dispenser, but they did
not completely cover the tile floor, and the plaintiff slipped where the floor
was bare.  Id.  The Brookshire Grocery employee admitted that
more mats could have been used and warning signs posted.  Id. 
A jury found for the plaintiff, and the court of appeals affirmed.  Id. 
The Texas Supreme Court reversed and rendered judgment for Brookshire
Grocery, holding that the ice dispenser itself was not an unreasonably
dangerous condition, that only the ice cube on which the plaintiff slipped
constituted an unreasonably dangerous condition, and that because the plaintiff
failed to adduce evidence that the grocery store possessed actual or constructive
knowledge that the particular ice cube that the plaintiff slipped on was on the
floor, the plaintiff had failed to prove the grocery store=s actual
or constructive knowledge of the unreasonably dangerous condition.  Id. at 409.

 

 

 








The jurisdictional facts
presented here are almost identical toCif not
weaker thanCthe facts in Brookshire
Grocery.[6]   Biermeret, a Acustomer@ at the
UTA swimming complex,  brought a premises
liability suit against UTA primarily for injuries he sustained to his knee
after he slipped on water on a tile floor in the shower area.  Through UTA=s own
e-mail records, Biermeret established that the tile floor in the shower area
routinely became wet and slick; that a prior user of the facility had slipped
and fallen on the wet tile; and that the wet, slick tile floor was a hazard to
the people using the showers.  Like Brookshire
Grocery, UTA had placed mats in the shower area, but they did not cover the
tile floor completely, and Biermeret, like the plaintiff in Brookshire
Grocery, slipped where the floor was bare. 
Clearly, at UTA, as at Brookshire Grocery, more mats could have been
used and warning signs posted.








Yet here, as in Brookshire
Grocery, no pleadings or jurisdictional evidence exist that UTA possessed
actual or constructive knowledge of the unreasonably dangerous condition, that
being that the water on which Biermeret slipped, was in fact on the floor in
the shower area on June 12, 2004.  See
Brookshire Grocery Co., 222 S.W.3d at 409.  Consequently, because no pleadings or
jurisdictional evidence exists that UTA possessed actual or constructive
knowledge not just that the tile floor in the shower area was prone to become
wet and slick, but that on the date in question it actually had become wet and
slick prior to Biermeret=s fall, Biermeret has not shown
that if UTA were a private person it would be liable to him.  See id.; see also City of Dallas, 210
S.W.3d at 602-03 (reversing court of appeals and affirming trial court=s ruling
granting city=s plea to the jurisdiction
because no evidence existedCdespite
logs of prior fallsCthat city knew the coverplate
that was prone to become loose and raised was actually protruding when
plaintiff tripped on it and fractured her shoulder).   








After considering Biermeret=s
pleadings and all relevant evidence submitted by the parties, taking as true
all evidence favorable to Biermeret and indulging every reasonable inference
and resolving any doubts in his favor, the controlling case law compels us to
hold that the pleadings and the evidence do not create a jurisdictional fact
question as to whether UTA possessed actual or constructive knowledge of the
existence of the water that Biermeret slipped on.  See Miranda, 133 S.W.3d at 227‑28
(recognizing that if relevant evidence fails to raise a fact question on the
jurisdictional issue, trial court rules on the plea as a matter of law); accord
Bland, 34 S.W.3d at 555. 
Accordingly, applying the required de novo standard of review, we hold
that the trial court correctly sustained UTA=s plea
to the jurisdiction concerning Biermeret=s
premises liability claim.  We overrule
the remainder of Biermeret=s first
issue challenging the trial court=s ruling
sustaining UTA=s plea to the jurisdiction on
this claim.

IV.  Conclusion

Having overruled Biermeret=s first
issue, and having determined that we need not address his remaining issues
concerning the application of the recreational use statute, the discretionary
acts exception, or the exception for acts occurring prior to January 1, 1970,
we affirm the trial court=s ruling sustaining UTA=s plea
to the jurisdiction.

 

SUE WALKER

JUSTICE

 

 

PANEL B: DAUPHINOT,
WALKER, and McCOY, JJ.

 

DELIVERED: August 9, 2007

 

 











[1]See Tex. R. App. P. 47.4.





[2]Although Appellee is
named in the style of the case as AThe University of Texas System,@ Appellee referred to
itself in its pleadings as AThe University of Texas at Arlington,@ and the evidence shows
that the slip and fall occurred at UTA. 
Consequently, we often refer to Appellee by the latter name in this
opinion.





[3]See Tex. Civ. Prac. & Rem. Code Ann. '' 101.021(2), 101.022
(Vernon 2006) (titled, the ATexas Torts Claim Act@ and hereinafter referred
to as the TTCA). 





[4]See Brookshire Grocery
Co. v. Taylor, 222 S.W.3d 406, 409 (Tex. 2006).





[5]In connection with its
plea to the jurisdiction, UTA claimed that Biermeret=s claims fell within
several exceptions to the TTCA=s waiver of sovereign immunity.  Specifically, UTA claimed that it retained
sovereign immunity even if Biermeret stated a
negligent-use-of-tangible-personal-property claim and a premises liability
claim because (1) the recreational use statute applied, (2) Biermeret was
attempting to hold it liable for discretionary acts, and (3) any of its acts or
omissions that caused a slippery floor occurred prior to January 1, 1970.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 75.002(b) (Vernon Supp. 2006) (setting forth the
recreational use statute), ' 101.056(2) (Vernon 2005) (setting forth
discretionary acts exception to TTCA=s waiver of immunity), ' 101.061 (setting forth
provision mandating that governmental entity retains governmental immunity for
claims based on acts or omissions that occurred before January 1, 1970).  Biermeret challenges the application of these
exceptions to the TTCA=s waiver of immunity in
his second, third, and fourth issues.  We
do not address these issues, however, because even assuming they are all
resolved in favor of Biermeret, for the reasons set forth below, the trial
court correctly sustained UTA=s plea to the jurisdiction.  See Tex.
R. App. P. 47.1 (stating that court of appeals must address only issues
necessary to disposition of the appeal).





[6]We note that in Brookshire
Grocery, the unreasonably dangerous condition encountered by the plaintiff
invitee was unexpected, a piece of partially melted ice on the floor, while
here the unreasonably dangerous condition encountered by Biermeret was
expected, water on a tile floor in a shower area that made the tile floor
slippery.  In light of the jurisdictional
evidence that the water on the tile posed a Ahazard,@ however, we cannot hold that the water did not pose
an unreasonable risk of harm.  Cf.
Brinson Ford, Inc. v. Alger, 50 Tex. Sup. Ct. J. 900, 2007 WL 1713644, at
*3 (Tex. June 15, 2007) (holding ramp did not pose unreasonable risk of harm).